ORA W. STID v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

In Banc, April 2, 1908.

1. **MOTION IN ARREST.** In certain phases the precise, technical office of a motion in arrest has become somewhat obscure. But speaking with precision, it is not a motion for a rehearing. If granted it does not necessarily result in a new trial. It is no essential element in an appeal. It is not infrequent practice to appeal without one. The most to be said of a motion in arrest is that, if one be not filed, the appellate court will not consider matters of error to which the trial court's attention could only be called by a motion in arrest.

2. ———: **Final Judgment.** A final judgment can be entered in a cause while a motion in arrest is pending.

3. ———: **Overruled at Subsequent Term.** The overruling of a motion in arrest, at a subsequent term, without a continuance, without the presence of the necessary conditions authorizing a *nunc pro tunc* entry, is a nullity, and a recital on the record at such subsequent term that it was then overruled is also a nullity.

4. ———: **Premature Appeal.** After judgment, appellant filed motions for a new trial and in arrest. Neither of them being disposed of, the cause was continued to the next term, at which the motion for a new trial was overruled, and appellant filed its affidavit and bond for appeal, and the bond was approved, the appeal allowed, and time given to file a bill of exceptions, and within proper time a certified copy of the judgment and order of appeal was filed in this court. At the next term after the motion for a new trial was overruled, the record shows the motion in arrest was overruled. Later in the same term and within the time extended, the bill of ex-

ceptions was allowed, signed, filed, and made a part of the record, and it recites that at the preceding term the court overruled appellant's "motion for a new trial and motion in arrest of judgment," to which exceptions were saved.   *Held*, that there was a final judgment, and the appeal was not premature, and will not be dismissed.

5. ———: ———: **Recitals in Bill of Exceptions.** The bill of exceptions having been allowed, signed, filed and made a part of the record, and reciting that the. motions for new trial and in arrest were overruled and exceptions saved, must for some purposes be reckoned with, although the record entry shows no entry of the overruling of the motion in arrest until a. subsequent term after the motion for a new trial was overruled and appeal taken. Where there is no record entry pertaining to the motion in arrest at the term when the motion for a new trial was overruled and an appeal was taken, it cannot be said that there is any conflict in the recitals in the bill and the record, the true record proper being silent as to the motion in arrest.

6. ———: **Abandonment: What Points Considered.** Where motions for a new trial and in arrest were timely filed and the record shows no ruling on the motion in arrest, but does show the motion for new trial was overruled and an appeal taken and allowed, it will be held on appeal that the motion in arrest was abandoned, and the case will be heard on the points raised by the motion for a new trial.

7. **APPEALS: Liberal Construction.** An appeal is the creature of the statutes, and the object to be subserved is to get at the right of the cause, and statutes pertaining to appellate procedure are entitled to a liberal construction.

On Motion to Dismiss Appeal.

MOTION OVERRULED.

LAMM, J.—Defendant appealed from a judgment of $16,000, rendered June 19, 1906, at the June term of the Jackson Circuit Court. Within four days thereafter defendant filed a motion for a new trial and a motion in arrest of judgment. Neither of them was disposed of at the trial term. At the ensuing term, to-wit, the September term, 1906, on the 6th day of October, the motion for a new trial was overruled and

an entry to that effect made. On the heels of that entry at the same term, to-wit, on October 22d, defendant filed its affidavit and bond for appeal. Its bond was approved, its appeal allowed and time given to file its bill of exceptions. In due time, the time for filing the bill was extended. Following that entry and at the December term, to-wit, on December 20, 1906, an entry spread of record shows the motion in arrest was overruled as of that date. Eleven days later, at the same term, in apt time, the bill of exceptions was allowed, signed, filed and made a part of the record. That bill contains the following statement: "On Saturday, October 6, 1906, the court overruled defendant's motion for a new trial *and motion in arrest of judgment*. To which action of the court in overruling said motions and each of them the defendant at the time duly excepted."

Attending to the dates, it appears the appeal was taken at the September term and the motion in arrest was not overruled until the December term. If, however, force be given to that part of the record preserved in the bill of exceptions the motion in arrest was overruled at the same time as the motion for a new trial, and exceptions were saved to overruling both.

On the theory there is no final judgment from which an appeal lies until the motion in arrest be overruled, plaintiff files a motion here to dismiss the appeal as premature.

Defendant presents suggestions against that motion duly served on respondent's counsel. In those suggestions, verified by affidavit, it appears it had been the custom and practice in the circuit court of Jackson county to hear and determine the motion in arrest at the same time the motion for a new trial is heard and determined unless particular reason exists for separating the hearing and determination of such motions,

which particular reason did not exist in this case. That defendant's counsel had always supposed the motion in arrest had been passed upon at the same time the motion for a new trial was overruled, according to custom, and he knew no better until served with a notice of the filing of the motion to dismiss the appeal. That the belated entry of December 20, 1906, overruling the motion in arrest, was made without notice to him and without his knowledge. Counsel does not know whether it was made under the direction of the court or by the clerk of his own motion and has been unable to ascertain how or why it happened to be made.

It further appears that the transcript was lodged in this court on November 22, 1906, and that when counsel was served with notice of the motion to dismiss the appeal, the time had passed in which a writ of error could be sued out, so that if the appeal be dismissed, defendant, if not without all remedy, at least is placed in a situation of extreme peril in its right to review.

The point made by plaintiff's learned counsel is novel and, bespeaking careful consideration, it has been deemed best to hand down our views in writing.

Under our practice the precise, technical office of a motion in arrest has become somewhat obscure in certain phases. For example, cases might be cited where matter quite properly covered by a motion in arrest has been considered on appeal when no such motion was in the case but appellant had rested on a motion for a new trial alone. Again, there are cases in which matter proper in arrest of judgment has been considered and determined where there was no bill of exceptions and only the record proper was here; for example, where the petition states no cause of action. The office of a motion in arrest is said to be to call

the court's attention to error patent of record. The error must be intrinsic to the record, and not *dehors* the record, and must be matter of substance as distinguished from matter of form. One or the other of the foregoing propositions may be found sustained in one or the other of the following authorities: Funkhouser v. Mallen, 62 Mo. 1. c. 558; Jaccard v. Anderson, 32 Mo. 188; Welch v. Bryan, 28 Mo. 30; Pickering v. Telegraph Co., 47 Mo. 1. c. 460; State v. Larew, 191 Mo. 1. c. 196; Childs v. Railroad, 117 Mo. 427; State to use of St. Louis County v. Bonner, 5 Mo. App. 1. c. 16; White v. Caldwell, 17 Mo. App. 691; 2 Ency. Pl. & Pr., pp. 794-6.

Speaking with precision, a motion in arrest is not a motion for a rehearing. If granted, it does not necessarily result in a new trial. If an amendment be allowed, the cause by statutory command proceeds "according to the practice of the court." [R. S. 1899, sec. 804.] When we consider the limited and humble office of a motion in arrest in the light of the authorities cited, it can be seen to be no *essential* element in an appeal. It is a not infrequent practice to appeal without one. The most to be said of such motion is that, if one be not filed and passed upon by the trial court, an appellate court will not consider matter of error to which the trial court's attention could only be called by a motion in arrest. In the case at bar it is urged there could be no final judgment while the motion in arrest was pending. It is pointed out that the record entries show that while one was filed it was not passed upon until after the court below had lost jurisdiction by the appeal and, therefore (it is argued), the appeal was taken from a judgment not final. [R. S. 1899, sec. 806.] But we are all of the opinion this contention is without substantial merit.

In coming to this conclusion we lay no stress on the overruling of the motion in arrest at a term sub-

sequent to the taking of the appeal. At the time of that ruling the court had lost jurisdiction of the *case* although it had not lost jurisdiction of the *record*. It had left to it power only to amend its record by a *nunc pro tunc* entry so as to tell the truth and not a falsehood—keeping in mind the limitations on the right to make *nunc pro tunc* entries. [Jones v. Ins. Co., 55 Mo. l. c. 344; Exchange National Bank v. Allen, 68 Mo. 474; DeKalb County v. Hixon, 44 Mo. 342; State v. Logan, 125 Mo. l. c. 25.]

The belated entry in hand does not purport to be a *nunc pro tunc* entry to amend the record and we can assign it no known use. It was a nullity. The case from the view point of the record entries stands, then, as though there was no overruling of the motion in arrest. However, when we come to consider the bill of exceptions we are confronted with another situation. The bill having been settled, signed and filed in due time, became a part of the record of the case and for some purposes must be reckoned with. It shows the motion in arrest was in fact overruled and that defendant saved an exception to that ruling. It is familiar doctrine that such exception could appear nowhere else than in the bill of exceptions. Now, in order to preserve an intelligent exception, the ruling of the court on the motion should appear in the bill, as it does in connection with the exception. [State ex rel. v. Gaither, 77 Mo. 304; In re Pound's Estate v. Cassity, 91 Mo. App. 424.] When the whole record is considered, including the bill of exceptions, we see preserved properly in the bill a ruling on the motion and an exception to that ruling, but when we turn to the record entries there is (barring the abortive entry of December 20th) an absence of any ruling whatever. If the bill of exceptions contradict the entries in the record proper in particulars of fact, which should only appear in the record proper, then it might very

well be said that the recitals in the bill could not be allowed to establish the fact. [Ricketts v. Hart, 150 Mo. l. c. 68; York v. Stigall, 204 Mo. 407.] But in this case there is no conflict. True the record proper is silent, but the bill of exceptions speaks saying that the trial court ruled a certain way on the motion and the defendant excepted to that ruling. A bill of exceptions, in the first instance, is usually settled by counsel on both sides. Presumably, this bill took the usual course and was agreed to by counsel and became a part of the record by consent. Plaintiff made no objection to the filing of the bill. There is nothing here to show that plaintiff objected to the order granting an appeal because of the pendency of a motion in arrest. We do not say the absence of such objections is fatal to respondent's motion to dismiss. We only say that omissions of like character have been the subject of comment. [State ex rel. Title Guaranty & Trust Co. v. Broaddus, 210 Mo. 1; Reinauer v. Railroad, 210 Mo. 109.] We say, further, that, the premises all considered, we could with good show of reason hold there was sufficient record here to show that the motion in arrest had been overruled in apt time and that defendant had excepted precisely as indicated in the bill of exceptions. But there are cases taking another view (Harding v. Bedoll, 202 Mo. l. c. 635, and cases cited), and we need not allow our ruling to stand on that basis.

We hold the judgment, with the motion pending, was a final judgment from which an appeal lies. We put our holding on the ground that it seems consonant with the good sense of the thing. If, for instance, there had been a motion for a new trial pending it would not operate *per se* to stay the issuance of an execution. [Ex parte Craig, 130 Mo. l. c. 595.] By analogy, a motion in arrest should have had no more efficacy in

that line than a motion for a new trial. A judgment that is final enough to be enforced by execution (barring a *supersedeas* bond) ought to be held a final judgment for the purpose of appeal. It is true this court had construed our code of appellate procedure to mean that the term at which the motion for a new trial is determined should be considered the judgment, or trial term for the purposes of appeal. That is a convenient rule in the administration of justice. [State v. Larew, *supra,* and cases cited; Childs v. Railroad, 117 Mo. 414.] But it was also held in the Larew case that a motion in arrest fills no such office.

An appeal being the creature of the statute, the object to be subserved being to get at the very right of the cause, statutes pertaining to procedure are entitled to a liberal construction and courts should not be prone to plant thorns in the path of appeal. Hence, we are of opinion that defendant should be heard on points raised by its motion for a new trial. It will be sufficient to deny it the right to be heard on questions raised by and peculiar to the motion in arrest because it does not present here a record entry overruling that motion in form. In effect, the situation is the same as if the motion had not seen the light, or was abandoned and out of the case. This is as far as we are willing to go, and it is far enough.

The motion to dismiss the appeal is, accordingly, overruled.

All concur. *Woodson, J.,* concurs in what is said but is also of the opinion that the motion should be overruled for the reason that the bill of exceptions contains sufficient memoranda upon which to base a motion for a *nunc pro tunc* entry overruling the motion in arrest and that under the facts of this case that privilege should be extended to the appellant before the motion is passed upon.