WILLIAM S. PORTER, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

MEDA PORTER, Administratrix of Estate of WILLIAM S. PORTER, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY. —28 S. W. (2d) 1035.

Division One, June 3, 1930.

*Charles P. Noell* and *Foristel, Mudd, Blair & Habenicht* for appellant.

*H. J. Nelson* and *Douglas W. Robert* for respondent.

FRANK, J.—Action by plaintiff, William S. Porter, against respondent railroad, T. A. Briscoe and J. P. Murphy to recover damage for personal injuries. The verdict of the jury was in favor of defendants Briscoe and Murphy, and against defendant railroad in the sum of $10,000. In due time defendant railroad filed two motions, one for a new trial, the other in arrest of judgment. The trial court by order entered of record sustained both motions. Plaintiff appealed from the order and judgment of the court sustaining defendant's motion for new trial.

After the appeal was granted, plaintiff, William S. Porter, died, and the cause was revived in the name of Meda Porter, administratrix of the estate of William S. Porter, deceased, and she, as such administratrix, was substituted as party plaintiff. Thereafter plaintiff filed a motion in the trial court praying that the record of the trial court be corrected *nunc pro tunc* by expunging that part of the order and judgment of the trial court sustaining defendant's motion in arrest of judgment. A hearing was had and the trial court corrected the record in accordance with the prayer of plaintiff's motion and entered of record the order and judgment as corrected, showing the motion for new trial sustained, and the motion in arrest of judgment still pending and undetermined. Defendant appealed from the order correcting the judgment, and that appeal has been consolidated with plaintiff's appeal from the order sustaining defendant's motion for new trial.

In our view of the law, it is immaterial to a final and proper determination of this case, whether we accept the record of the trial court as corrected or as it was originally made. The result would be the same in either event. In this situation an extended opinion on the *nunc pro tunc* proceedings would serve no useful purpose.

Taking the record as corrected, it shows that the trial court sustained defendant's motion for new trial, but made no order on the motion in arrest of judgment. In that situation an appeal would lie from the action of the court on the motion for new trial, although the motion in arrest of judgment was still pending. [Stid v. Railroad, 211 Mo. 411, 109 S. W. 663.] Defendant insists, however, that we should reverse the action of the trial court in correcting the record and consider this appeal in the light of the record as originally made. For reasons already stated we will not lengthen this opinion with a discussion of the *nunc pro tunc* proceedings, but will say in passing that we have carefully examined the record and do not find any evidence which, in our judgment, would authorize the correction of the record. We, therefore, reverse the action of the trial court in that regard and will decide the case on the record as originally made and entered.

Taking the record as originally made it shows that the trial court sustained defendant's motion for new trial and motion in arrest of judgment and plaintiff appealed from the action of the court in sustaining the motion for new trial.

Defendant insists that the unconditional sustaining of the motion in arrest of judgment was a final disposition of the case and as there was no appeal therefrom, the case is out of court and the appeal should be dismissed.

There would be merit in defendant's contention if the case had been ripe for the entry of a judgment on the verdict at the time the motion in arrest of judgment was sustained. In other words, if the motion for new trial had been overruled, the next step would have been to enter judgment on the verdict. In that situation, if the trial court had arrested or halted the entry of judgment on the verdict by sustaining the motion in arrest of judgment, and plaintiff had acquiesced in such action by failing to appeal therefrom, that would have been the end of the case. Such, however, is not the situation in this case. Here the trial court sustained the motion for new trial, the effect of which was to vacate or set aside the verdict and open up the case for a new trial. [29 Cyc. 1028, sec. 8b.] After the court set aside the verdict by sustaining the motion for new trial, there was no basis for the entry of a judgment. The purpose of a motion in arrest of judgment is to prevent the entry of judgment on the verdict on account of some defect in the record proper, but where, as in this case, there is no verdict upon which a judgment could be entered, the motion in arrest of judgment has no office to perform. It is true that the motion in arrest of judgment reaches defects in the petition, verdict and in all other parts of the record proper, but such defects only furnish reasons for sustaining the motion in arrest of judgment at the proper time, but that time never comes until the

verdict is approved or the time in which objections thereto may be made has elapsed. The making of the order sustaining the motion in arrest of judgment after the verdict had been set aside, was a vain and useless act and cut no figure in the case. We will treat the case as though the order had not been made.

Defendant directs our attention to State ex rel. Bond v. Fisher, 230 Mo. 325; Stid v. Railroad, 211 Mo. 411, 414; Swift v. Fire Insurance Co., 202 Mo. App. 419; Segall v. Garlichs, 313 Mo. 406; Snoddy v. Pettis County, 45 Mo. 361; Secs. 1459 and 1469, R. S. 1919; 15 R. C. L., "Judgment," sec. 134, p. 684, in support of its contention that the unconditional sustaining of a motion in arrest of judgment put an end to the case. On examination of these authorities we find that none of them deal with a situation such as we have here where the verdict was set aside by sustaining the motion for new trial. For example, in State ex rel. Bond v. Fisher the opinion deals with a situation where the trial court approved the verdict by overruling the motion for new trial, then sustained the motion in arrest of judgment, from which no appeal was taken. On that state of facts we held, and properly so, that the unconditional sustaining of the motion in arrest of judgment unappealed from ended the case. The cases cited neither consider nor determine the effect of an order sustaining a motion in arrest of judgment, when made after the verdict is set aside and a new trial granted. For that reason they furnished no authority for defendant's contention.

Defendant cites a long list of authorities in support of the contention that plaintiff abandoned all right to complain of the action of the court in sustaining the motion in arrest of judgment by failing to assign such action as error. These authorities announce the well settled doctrine that an appellant cannot complain of an unassigned error. The question here is not whether plaintiff is in a position to complain of the court's action in sustaining the motion in arrest of judgment, but rather, was it necessary to make such complaint either in the trial court or here as a prerequisite to our consideration of the appeal from the action of the court in setting aside the verdict and granting a new trial.

After the verdict was set aside and a new trial granted, the motion in arrest of judgment had no mission to perform. The order sustaining it was a useless act and did not affect the case one way or the other. This being true, no purpose could be served in reviewing the order, and plaintiff was justified in ignoring it and prosecuting his appeal from the order granting defendant a new trial.

This brings us to a consideration of the case on the merits.

Plaintiff sued to recover damages for personal injuries alleged to have been caused by a head-on collision between defendant's

train on which he was riding as a passenger, and one of defendant's engines which was moving in an opposite direction. As heretofore stated, the verdict was in favor of plaintiff. On motion of defendant, this verdict was set aside and a new trial granted for reasons entered of record, as follows:

"The court is of the opinion that instructions 3 and 4 are faulty and do not limit the jury's findings to the collision. Motion for new trial is therefore sustained."

Appellant's complaint of the instructions mentioned in the court's order is that Number 3 did not require the jury to find that plaintiff's injuries were caused by the collision, and Number 4 did not limit the recovery to injuries plaintiff sustained in the collision.

Neither of these instructions directed a verdict. Number 3 told the jury what facts if found by it would constitute negligence on the part of defendant and that defendant would be responsible for all injuries resulting to plaintiff, if any, *from such negligence, if any.* Instruction 6, given at the request of defendant, told the jury that it could not allow plaintiff any damages for injuries he claimed which did not result directly from the collision, and directed it to disregard all claimed injuries not so received. Reading these two instructions together as one charge, which we must do, it told the jury (1) what facts it must find before it could convict the defendant of negligence, (2) that defendant would be responsible for all injuries caused by such negligence, and (3) that no damages could be allowed plaintiff for any injuries which did not result directly from such negligence. These instructions are not misleading, but on the contrary when considered together, fairly submit the issues. While they did not, in express terms, require the jury to find that plaintiff was injured in the collision, yet such was their clear import. The jury could not have been misled into believing that it was authorized to award plaintiff damages for injuries not received in the collision, in face of the positive instructions of the court that it could not do so.

Instruction 4 is plaintiff's instruction on the measure of damages. The complaint against the instruction is that it did not limit the recovery to injuries sustained in the collision. The pertinent part of the instruction reads: "The court instructs the jury that if you find in favor of the plaintiff, then in estimating and determining the measure of his damages, if any, the jury may take into consideration the character and extent of plaintiff's injuries, if any, you believe and find from the evidence he received," etc.

There was evidence that plaintiff had arthritis before the date of the alleged injury. Defendant contends that this instruction on the measure of damages which authorized the jury to take into consideration the character and extent of the injuries, if any,

*"which plaintiff received"* without limiting such injuries to the ones received in the collision, would permit the jury to consider the arthritis which plaintiff may have had before the date of the alleged injury.

This was an instruction on the measure of damages only, the sole purpose of which was to guide the jury in arriving at the amount of their verdict in event they found for plaintiff under other instructions which did limit the consideration of the jury to the injuries sustained in the collision and hypothesized all of the facts necessary to be found by the jury before a verdict for plaintiff was authorized. One of these instructions told the jury in express terms, that it could not allow plaintiff any damages for injuries which did not result directly from the collision. Jurors of ordinary intelligence would understand that the instruction authorizing them to consider injuries, if any, "which plaintiff received" meant injuries which he received in the collision, especially so, in view of defendant's Instruction 6 which told them that they could not allow plaintiff any damages which did not result directly from the collision. This conclusion also disposes of defendant's contention that there was a conflict between defendant's Instruction 6 and plaintiff's instruction on the measure of damages.

It is claimed that the verdict is excessive. In determining the nature and extent of plaintiff's injuries, and in fixing the amount plaintiff was entitled to recover therefor, it was within the province of the jury to accept as true the evidence most favorable to plaintiff, and in reviewing the jury's action in that behalf, we must treat the evidence in the same light.

The testimony of plaintiff showed the following facts:

He was sixty years of age. Before the date of the alleged injury, he had no trouble with his back or kidneys. His health was good and he was able to and did work steadily at his occupation of locomotive engineer, earning two hundred dollars per month. He did all the work around his home, such as painting, mixing concrete, mowing the lawn and caring for the garden. At the time of his injury he was riding as a passenger on one of defendant's trains which collided, head on, with an engine of defendant moving in an opposite direction. The force of the collision threw him from his seat to the floor of the car and something struck him in the back, over the spine, and dazed him. He was taken to the hospital where defendant's doctors made X-ray pictures of his back, then sent him home where he was kept in bed practically all of the time for a period of six or seven weeks. His back pained him practically continuously and he suffered incontinence of urine from the date of the collision on August 17, 1925, to the date of the trial on April 20, 1926. His sleep was broken. Pains in his back would awaken

him between two and three o'clock in the morning and he got no sleep thereafter. He suffered pains in his legs and feet which caused his legs to become numb and his feet to drag. His nerves were "shot to pieces" and for a time he was unable to write on that account. He suffered with severe headaches which, as he termed it, "almost set me crazy sometimes." He was unable to do any work after his injury.

Dr. M. W. Hoge, a physician and neurologist of forty years' experience, examined plaintiff on two different occasions. He testified that plaintiff walked slowly, in a stooped position with a cane; that his speech was slow and monotonous; that he was unable to stand on one foot without wavering; that there was evidence of pain on pressure along the greater part of the full length of the spine and across the sacrum on the right side and over the crest of both sciatic nerves; that abdominal and cremasteric reflexes were absent; that the conditions which he found were due to a permanent physical injury to the spinal cord. He further testified that the conditions which he found could not have been produced by arthritis, although of long standing, unless the arthritis was of such character that it caused plaintiff to suffer pain and disability. Since plaintiff died after the trial in the circuit court, the cause of death is not shown.

Defendant strenuously complains because plaintiff did not call as witnesses the doctors who had treated him. His failure to call such witnesses raised a presumption that their evidence would have been unfavorable to him, and such failure on his part was a circumstance to be considered by the jury in determining the bonafides of plaintiff's claim. However, since the jury did consider this question before rendering a verdict in favor of plaintiff, it furnishes no ground for setting aside the verdict which is supported by substantial testimony.

Defendant denies that plaintiff was injured and contends that his condition was the result of arthritis from which he had suffered for many years prior to the date of his alleged injury. While the evidence offered by defendant tended to support this contention, the evidence offered by plaintiff to the effect that prior to the alleged injury he was in good health, suffered no pain and was able to and did work all the time, but immediately following the injury he suffered in the manner heretofore detailed and was, at no time thereafter, able to do any work, warranted the jury in concluding that his condition resulted from the injury received in the collision. We cannot pass upon the weight of the evidence.

This is not a case of a visible injury such as the loss of a foot or hand which might furnish a somewhat definite basis upon which to estimate the damages sustained. The evidence is that before the injury plaintiff was in good health, suffered no pain, was able

to and did work and earn a livelihood. Immediately following the injury he suffered almost continuously in the manner heretofore set out and was never able to do any work. Dr. Hoge testified that he examined plaintiff and the physical conditions which he found as a result of neurological tests were due to a permanent physical injury to the spinal cord. There is no established rule by which the loss sustained by such injuries may be accurately measured. The assessment of plaintiff's damages was within the peculiar province of the jury. In view of the injuries which the evidence shows he sustained, we do not consider an award of $10,000 excessive.

It is our judgment that the trial court erred in setting aside the verdict and granting defendant a new trial on the ground that error was committed in the giving of plaintiff's instructions numbered 3 and 4. We have heretofore pointed out that these instructions fairly submitted the issues.

Defendant makes the point that any ground alleged in the motion for new trial, may be urged in support of the court's action, although such grounds were not assigned by the court as a reason for granting a new trial. The rule in this regard was tersely stated by us in Manthey v. Kellerman Contracting Co., 311 Mo. 147, 156, 277 S. W. 927, as follows:

"When the record discloses the ground or grounds of the motion upon which the court granted a new trial, the burden is upon the appellant to show error in the ruling upon those grounds (Ittner v. Hughes, 133 Mo. 1. c. 688; Stoner v. Royar, 200 Mo. 451); but, as to other grounds therein, the effect of the order is to overrule them, and the presumption is indulged that the court's ruling is right, until the respondent shows the contrary. [Kersten v. Hines, 283 Mo. 1. c. 634; State ex rel. v. Thomas, 245 Mo. 1. c. 73, 74.]"

We have given defendant the benefit of this rule and have considered all points to which our attention has been called in support of the trial court's action, but have found nothing which, in our judgment, justified the granting of a new trial.

The order sustaining defendants' motion for new trial is reversed and the cause is remanded with directions to reinstate the verdict of the jury and enter judgment thereon with interest from the date of the verdict as originally returned. All concur.