CITY OF ST. LOUIS, Appellant, v. ANNIE KRALEMANN ET AL.—29 S. W. (2d) 696.

Division Two, June 11, 1930.

*Julius T. Muench, G. Wm. Senn* and *Seward McKittrick* for appellant in reply.

*H. C. Whitehill, Forrest G. Ferris, Sr., Fordyce, Holliday & White* and *Walter R. Mayne* for respondents; *Knapp & Campbell* of counsel.

BLAIR, P. J.—Condemnation proceeding to take abutting property for the widening of Vandeventer Avenue, in the city of St. Louis, between Chouteau and Hunt Avenues, and to assess damages and benefits in connection therewith. Commissioners were appointed to determine the damages and to assess benefits. They filed their report and part of the defendants (respondents) filed exceptions to such report. Such exceptions were overruled. The excepting defendants thereafter filed their several motions for a new trial and their several motions in arrest of judgment, and all of said motions were sustained by the trial court. From the order sustaining the several motions in arrest of judgment, the city has appealed.

Respondents contend that the order of the trial court sustaining their several motions in arrest of judgment is not an order or judgment from which an appeal in this character of proceeding is authorized. Assuming, without considering or deciding the question, that an appeal may properly be granted from such an order, we are satisfied that the appeal in the case at bar presents merely a moot question, for the reasons following:

The record discloses that respondents' exceptions to the report of the commissioners were overruled and that, within four court days thereafter, they filed their several motions for new trial and their several motions in arrest of judgment. Thereafter the successor trial judge first made an order sustaining each and every one of the motions for new trial and then made a separate order sustaining each and every one of the motions in arrest of judgment.

The record prepared by appellant and filed in this court as the record in the case shows that the appeal was granted to this court *only* "from the orders and judgment of the court sustaining the said several motions in arrest of judgment and each of them as set out above." And in the bill of exceptions made part of the record appears the following:

"That thereafter, and at the same term of court on April 2, 1927, plaintiff filed herein its affidavit and prayed for an appeal and was by order of the court allowed an appeal to the Supreme Court of the State of Missouri from the aforesaid order and judgment of this court sustaining said motions in arrest of judgment and each of them, and was further by said order granted to and including June 15, 1927, to file its bills of exceptions in this cause."

The record affirmatively discloses that the appeal was granted from the order sustaining the several motions in arrest of judgment and that no appeal was taken from the order granting respondents a new trial. The motions for new trial were filed first, were disposed of first in the memorandum prepared and filed by the trial judge, and the order sustaining the motions for new trial appears first in the record recitals, although both orders were made

on the same judicial day. It is manifest that the order granting a new trial to respondents was made and entered first, and that said order was in full force and effect when the motions in arrest of judgment were sustained and the appeal from the order sustaining such motions in arrest of judgment was allowed.

No matter what disposition this court might make of the appeal from the order sustaining respondents' several motions in arrest of judgment, the order of the trial court granting respondents a new trial must be regarded as remaining in full force and effect, because no appeal was taken from it. The order of the trial court overruling respondents' exceptions to the report of the commissioners has been set aside by the order granting respondents a new trial. After that motion was sustained, there was no order, verdict or judgment of the trial court which respondent's several motions in arrest of judgment could reach. Such motions served no further purpose. An appeal only from the order sustaining such motions in arrest of judgment and not from the order granting respondents a new trial could not possibly bring up for effective review any question relating to the further progress of the proceeding in the trial court. Such an appeal presents merely a moot question.

The conclusion reached appears to us to be so sound that citation of authority to support it should be unnecessary. However, Division One of this court recently had before it this very question in the consolidated cases of Porter v. Chicago, Burlington & Quincy Railroad Company, *ante*, page 381, 28 S. W. (2d) 1035, decided April 2, 1930.

The Porter case was an action for damages for personal injuries. The verdict of the jury was in plaintiff's favor for ten thousand dollars against the railroad defendant and in favor of two individual defendants. The railroad defendant filed two motions, one for a new trial and one in arrest of judgment. The trial court sustained both motions, as was done here. Plaintiff appealed from the order and judgment sustaining defendant's motion for a new trial, but did not appeal from the order sustaining the motion in arrest of judgment. Thereafter plaintiff died and his widow was substituted as party plaintiff. She sought to have the record in the trial court corrected *nunc pro tunc*, so as to expunge from such record the trial court's order sustaining defendant's motion in arrest of judgment. The action of the trial court in making such order *nunc pro tunc* was reversed by Division One upon the railroad defendant's appeal, and the case was considered upon the original orders of the trial court sustaining both the motion for a new trial and the motion in arrest of judgment. We quote from the opinion of FRANK, J., as follows:

"Taking the record as originally made, it shows that the trial court sustained defendant's motion for new trial and motion in

arrest of judgment, and plaintiff appealed from the action of the court in sustaining the motion for new trial.

"Defendant insists that the unconditional sustaining of the motion in arrest of judgment was a final disposition of the case, and, as there was no appeal therefrom, the case is out of court and the appeal should be dismissed.

"There would be merit in defendant's contention if the case had been ripe for the entry of a judgment on the verdict at the time the motion in arrest of judgment was sustained. In other words, if the motion for new trial had been overruled, the next step would have been to enter judgment on the verdict. In that situation, if the trial court had arrested or halted the entry of judgment on the verdict by sustaining the motion in arrest of judgment, and plaintiff had acquiesced in such action by failing to appeal therefrom, that would have been the end of the case. Such, however, is not the situation in this case. Here the trial court sustained the motion for new trial, the effect of which was to vacate or set aside the verdict and open up the case for a new trial. [29 Cyc. 1028, sec. 8b.] After the court set aside the verdict by sustaining the motion for new trial, there was no basis for the entry of a judgment. The purpose of a motion in arrest of judgment is to prevent the entry of judgment on the verdict on account of some defect in the record proper, but where, as in this case, there is no verdict upon which a judgment could be entered, the motion in arrest of judgment has no office to perform. It is true that the motion in arrest of judgment reaches defects in the petition, verdict, and in all other parts of the record proper, but such defects only furnish reasons for sustaining the motion in arrest of judgment at the proper time, but that time never comes until the verdict is approved or the time in which objections thereto may be made has elapsed. The making of the order sustaining the motion in arrest of judgment after the verdict had been set aside was a vain and useless act and cut no figure in the case. We will treat the case as though the order had not been made. . . .

"After the verdict was set aside and a new trial granted, the motion in arrest of judgment had no mission to perform. The order sustaining it was a useless act, and did not affect the case one way or the other. This being true, no purpose could be served in reviewing the order, and plaintiff was justified in ignoring it and prosecuting his appeal from the order granting defendant a new trial."

In the case at bar appellant appealed from an order arresting the entry of judgment after the trial court had sustained respondents' motions for new trial. The latter order left no order, verdict or judgment to be arrested. The order sustaining the motions in arrest of judgment served no purpose and had no effect upon

the order granting a new trial. The granting of an appeal from the order sustaining the motions in arrest of judgment was an appeal from an ineffective order. A decision of the questions sought to be raised on such an appeal could not possibly affect respondents' right to the new trial already granted to them. Those questions are moot.

The appeal is dismissed. All concur.