MOLLIE A. SAKOWSKI v. M. S. BAIRD, Doing Business as WEBSTER-KIRKWOOD BUS LINE and DE LUXE BUS LINE, Appellant.—69 S. W. (2d) 649.

Division One, March 14, 1934.

*Allen, Moser & Marsalek* for appellant.

*T. Joseph Byrth, Barak T. Mattingly* and *Green, Henry & Remmers* for respondent.

FERGUSON, C.—Action for damages for personal injuries. Defendant owned and operated motor busses as a common carrier of passengers for hire, in St. Louis County, under the name of "Webster-Kirkwood Bus Line" and "De Luxe Bus Line." Plaintiff was injured on August 27, 1929, while a passenger on one of defendant's busses when, as plaintiff's petition alleges and proof shows, "one of the rear wheels of the said motor bus was broken off and detached therefrom and one corner of the said motor bus was let down violently upon the ground, causing plaintiff to be thrown against the floor and seats" inflicting the injuries complained of. Damages in the sum of $25,000 are asked. The answer was a general denial. The petition invokes the *res ipsa loquitur* doctrine and concededly under the petition and evidence on the part of the plaintiff that doctrine applies. It is a typical *res ipsa* case. The plaintiff did not offer or request any instructions except one on the measure of damages which was given. Four instructions, numbered 2, 3, 4, and 5, requested by defendant, were given. The verdict of the jury was for defendant but the court sustained plaintiff's motion for, and granted, a new trial, the sole ground therefor specified of record being that error was committed in the giving of instruction numbered 2 at the request of the defendant. Said instruction is as follows:

"The Court instructs the jury that although you believe and find from the evidence that the plaintiff in this case was injured, this fact alone, regardless of how serious such injuries to her person may be, will not warrant you in finding in favor of the plaintiff for any sum unless you further find and believe from the evidence that the defendant was negligent and that such negligence, if any, was the proximate cause of such injury, if any."

The defendant appealed from the order granting a new trial and contends here that the court erred in granting a new trial on the ground assigned.

As the instruction states the fact that plaintiff sustained injuries to her person in itself and alone did not warrant the jury "in finding in favor of the plaintiff;" but a verdict for plaintiff required that the jury not only find from the evidence that she sustained an injury but also that the defendant was in some way negligent and that such negligence was the proximate cause of the injury. The defendant was not liable as an insurer but only for failure to exercise the proper care in the inspection, maintenance and operation of his bus. Plaintiff did not see fit to offer or request any instructions defining her theory or advising what finding by the jury would warrant a verdict in her favor and so far as the plaintiff was concerned the jury were left without any guidance whatsoever. In the absence of any direction from the court as to the law governing defendant's liability,

if any, and how same should be determined or arrived at the jury might have supposed or conceived the theory that defendant was liable as an insurer and that regardless of whether the defendant was in some way negligent and such negligence the proximate cause of the injury the fact alone that plaintiff sustained an injury while a passenger on defendant's bus made defendant liable. Under these circumstances it was not amiss for the court, upon defendant's request, to advise the jury that defendant should not be held liable unless the jury believed, from the evidence, that he was in some manner negligent and that such negligence was the proximate cause of plaintiff's injury. The instruction in question does not touch or infringe upon the right of the jury in arriving at a verdict to weigh the inference of negligence arising from the occurrence and the evidence offered by defendant to explain the accident, but merely tells the jury that they must find and believe from the evidence that defendant's negligence was the proximate cause of plaintiff's injury. It was plaintiff's right in the first instance to submit clear, full and explicit instructions setting forth the matters which the jury might properly consider and the scope, extent and legal effect thereof but she elected not to do so and is not in a position to complain that defendant did not do so for her. Having neglected to offer instructions outlining her right to recover under the *res ipsa loquitur* doctrine, plaintiff cannot complain that defendant's instructions did not do so. The principal argument respondent makes, in her brief, against the instruction is that it denies plaintiff the benefit of "the presumption of negligence arising from the happening of the extraordinary event detailed in evidence" citing and quoting from our decision in Glasco Electric Co. v. Union Electric Light & Power Co., 332 Mo. 1079, 61 S. W. (2d) 955. We do not understand how the instruction deprives the plaintiff of that inference or presumption of negligence that arises upon proof of the happening of the event which results in a plaintiff's injury under conditions and circumstances which make the *res ipsa* rule applicable. It merely states an essential requirement to recovery in every case founded upon negligence whether it be a *res ipsa* or ordinary negligence case. The *res ipsa* rule supplies a substitute for specific proof or proof of specific negligence and a method by which plaintiff may prove the negligence charged but to tell the jury, under circumstances such as exist in this case, that to hold defendant liable for plaintiff's injury they must believe defendant was negligent and that such negligence was the proximate cause of the injury does not go to the manner or method by which plaintiff may show such negligence on the part of the defendant and if, as we have said, plaintiff wished to have the jury informed as to the theory upon which she relied for recovery she should have prepared and offered proper instructions. Plaintiff not only did not offer such instructions but made no objection and saved no exception to the giving of any of the in-

structions offered by defendant. Coming now to Glasco Electric Co. v. Union Electric Light & Power Co., supra, upon which respondent relies we note that the verdict and judgment there was for defendant and the plaintiff appealed. The petition charged general negligence. Defendant claimed plaintiff's "evidence tends to show specific negligence" and for that reason the doctrine of *res ipsa loquitur* did not apply. Having held that under its pleading and proof plaintiff was entitled to the benefit of, and to rely upon, the *res ipsa loquitur* doctrine we ruled as follows upon an instruction offered by defendant and given by the court and held the giving thereof was error:

"With the view we have of this case, we think the trial court erred in giving instruction numbered 4, offered by defendant, as follows: 'The court instructs the jury that even though you find and believe from the evidence that plaintiff suffered damage by reason of a fire caused by the emission or escape of electric current, sparks, fire or flame from electrical apparatus owned and exclusively controlled and maintained by defendant, yet those facts alone are not sufficient to warrant you in returning a verdict for plaintiff in this case. Unless you also find and believe from the evidence that defendant was guilty of negligence, and that such negligence was the proximate cause of said fire, your verdict must be in favor of the defendant.'

"The first part of the instruction in keeping with defendant's contention that the *res ipsa loquitur* doctrine does not apply in this case wholly deprives plaintiff of the benefit thereof. It tells the jury that the showing made by plaintiff, which we have held suffices to make the doctrine applicable as a substitute for specific proof of negligence thereby raising a presumption or inference of negligence on the part of defendant, is 'not sufficient to warrant a verdict for plaintiff.' While the plaintiff must show by the greater weight of the evidence that the injury complained of resulted from defendant's negligence (McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557), the second part of the instruction, read in connection with that which precedes impliedly, if not directly, tells the jury that the facts predicated in the first part of the instruction are not sufficient to warrant a finding of negligence on the part of defendant, and that, unless such negligence is shown by other, further, or direct proof thereof, they cannot find for plaintiff. But, as heretofore, in substance, stated under the *res ipsa loquitur* rule, such facts alone afford reasonable evidence of negligence or want of proper care on the part of defendant, and in the absence of satisfactory explanation by defendant, are sufficient to warrant a finding of negligence and support a recovery by plaintiff based thereon."

We do not discover in what way the instruction in the instant case is analogous to the instruction which is the subject of the foregoing ruling. The quotation we have made, supra, which is quoted in respondent's brief, suffices, without comment, to distinguish that

instruction from the one here in question. In the Glasco case defendant's instruction submitted or recited the very events or occurrence from which we held the inference of negligence on the part of defendant arose under the *res ipsa loquitur* doctrine and that plaintiff was damaged thereby. It then told the jury that even if they found those facts such facts alone were not sufficient to warrant a verdict for plaintiff. The instruction in the present case does not intrude upon the operation of the *res ipsa* rule, its application to the facts of the case or the right of the plaintiff to the benefit thereof. The trial court was in error in granting the new trial upon the ground assigned.

As the sole ground specified by the trial court in its order granting a new trial was error in the giving of defendant's Instruction 2, which we have discussed, the effect of the order was to overrule plaintiff's motion as to all other grounds therein assigned. [Manthey v. Kellerman Contracting Co., 311 Mo. 147, 277 S. W. 927; Kersten v. Hines, 283 Mo. 623, 223 S. W. 586; Yuronis v. Wells, 322 Mo. 1038, 17 S. W. (2d) 518; Porter v. Chicago, B. & Q. Railroad Co., 325 Mo. 381, 28 S. W. (2d) 1035; Smith v. K. C. Pub. Service Co., 328 Mo. 979, 43 S. W. (2d) 548; Cole v. St. Louis-San Francisco Ry. Co., 332 Mo. 999, 61 S. W. (2d) 344.] Though the order granting a new trial cannot be sustained upon the ground specified of record by the trial court the respondent is entitled to have the other assignments of error in her motion reviewed and the order granting the new trial affirmed if it can be sustained upon such other grounds. "The court may have erred in overruling the motion as to some of these other grounds but the presumption is that the court acted correctly in so ruling" and the burden of showing that the court committed error in overruling the other grounds set forth in the motion devolves upon respondent against whom such ruling was made and if she would have this court review that action" she "must point out some other ground in the motion upon which it ought to have been sustained." [Yuronis v. Wells, supra, and cases last above cited.] The rule is stated in City of Kennett v. Katz Construction Co., 273 Mo. 279, 287, 202 S. W. 558, 560, as follows: "When an order for a new trial is granted for a specific reason, the appellant assumes no other burden of showing error than that which prompted the trial court's action. If other grounds are relied on to sustain the order, which have been preserved in the record, the respondent must call the appellate court's attention to same or they will not be considered."

In the situation here respondent assumes the burden by pointing out two other grounds set out in her motion which, though overruled by the trial court, she contends are sufficient to sustain and justify the order granting a new trial; (1) the giving of defendant's Instruction 5 on accident and (2) that the verdict is against the

weight of the evidence. ▮ The first however cannot be considered, for the reason respondent did not object or except to the ruling or action of the court in giving defendant's instructions or either of them. It is said in Manthey v. Kellerman Contracting Co., supra, "In order that the respondent may have in the appellate court the benefit of the errors assigned in his motion (for a new trial) but not specified by the trial court as grounds for sustaining the motion, the record must show that respondent excepted at the time to the rulings, upon which in his motion for a new trial, he predicated those assignments of error." A somewhat similar situation is found in Bradley v. Becker, 296 Mo. 548, 246 S. W. 561, where this court held that while the trial court may grant a new trial on account of any erroneous ruling made by it, whether excepted to or not, the appellate court cannot, to sustain an order for a new trial, consider a ruling which was not specified by the trial court as ground for a new trial and to which no exception was saved. We there say: "'Respondent brings forward" Instruction 7, "which was given at appellant's instance, and insists it was erroneous and that the order granting the new trial should be sustained for that reason. . . . Appellant calls attention to the fact that the record fails to show that an exception was saved to the giving of this instruction. The trial court would have been authorized to grant a new trial on account of the giving of this instruction. It did not do so. . . . It may well have concluded that the absence of the exception disclosed that respondent did not deem the error materially prejudicial, and the court may have concurred in that view. At any rate, it did not specify Instruction 7 as eliciting the order made. . . . The power of a trial court to grant a new trial on account of any erroneous ruling, whether excepted to or not, is one thing. The power of this court to consider a ruling, not specified by the trial court and to which no exception was saved, in order to sustain an order for new trial not otherwise sustainable, is another and different one. [Green v. Terminal Railroad Assn., 211 Mo. 1. c. 30, 31.]''

▮ As to the second contention, that the verdict is against the weight of the evidence it must be borne in mind that this ground of the motion was overruled by the trial court and that the ruling of the trial court upon the weight of the evidence will not be disturbed upon appeal if there is any substantial evidence to support the trial court's action. "This is so because trial courts may and appellate courts may not pass upon the weight of the evidence." [Hunt v. Gus Gillerman Iron & Metal Co., 327 Mo. 887, 39 S. W. (2d) 369; Vitale v. Duerbeck, 332 Mo. 1184, 62 S. W. (2d) 559; Haven v. Missouri Pacific Ry. Co., 155 Mo. 216, 55 S. W. 1035; Cole v. St. Louis-San Francisco Ry. Co., supra.] Substantial evidence was offered by the defendant tending to show that he had exercised care commensurate with his duty in that respect, as a com-

mon carrier, in the inspection, maintenance and operation of the bus and that the accident was caused by the breaking of the rear axle shaft due to a latent defect, which could not be discovered by the ordinary and usual methods of inspection and could have been discovered only under certain conditions by the use of ''a high powered microscope'' or by laboratory tests. Since there was some substantial evidence on the side of the verdict and ''in view of the trial court's authority to pass on the weight of the evidence and our lack of authority to do so'' the ruling of the trial court on this assignment of the motion must stand.

For the reasons stated the order of the trial court granting a new trial is reversed and the cause remanded with directions to set aside the order granting a new trial, reinstate the verdict, overrule the motion for a new trial and enter judgment on the verdict. *Sturgis, C.,* concurs in result; *Hyde, C.,* concurs.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.