RAY STEPHENS, Guardian and Curator of the Estate and Person of JOHN F. GREEN, Appellant, v. D. M. OBERMAN MANUFACTURING COMPANY, a Corporation, D. M. OBERMAN and CHARLES MELTON. —70 S. W. (2d) 899.

Division One, April 9, 1934.

*Barney Reed* and *Sid C. Roach* for appellant.

*Ragland, Otto & Potter* and *Clark, Boggs, Cave & Peterson* for respondents.

HYDE, C.—This case, coming to the writer by reassignment, is an action by a guardian and curator for personal injuries to his ward, a person of unsound mind, who was struck by an automobile driven by defendant Melton as chauffeur and employee of the other defendants. The jury returned the following verdict:

"We, the jury, find for the plaintiff and against the defendants, D. M. Oberman Manufacturing Company, a corporation, and D. M. Oberman, and assess plaintiff's damages at the sum of $4,000, and we further find in favor of the defendant, Charles Melton."

Judgment was entered upon this verdict reciting it and other preliminary proceedings and concluding as follows:

"It is therefore ordered and adjudged by the Court that the plaintiff have and recover of and from the defendants D. M. Oberman Manufacturing Company, a corporation, and D. M. Oberman, the sum of Four Thousand Dollars ($4000), the damages so assessed by the jury as aforesaid, together with all costs of this cause, and that execution issue therefor.

"It is further ordered and adjudged by the Court that the plaintiff take nothing by his writ against the defendant Charles Melton, and that judgment herein be for said defendant, Charles Melton, and that said defendant, Charles Melton, recover of and from the plaintiff his costs in his behalf made and expended, and that he have execution issued therefor."

Timely motions for new trial and in arrest were filed, the disposition of which is shown by the following orders:

"Now on this day comes the plaintiff herein, by his attorneys, and calls up for hearing his motion for new trial heretofore filed in this cause, and the same being seen and heard by the court is overruled.

"Also comes the defendant D. M. Oberman Manufacturing Company, and calls up for hearing its motion for a new trial heretofore filed in this cause, and the same being seen and heard by the court is overruled.

"Also comes the defendant D. M. Oberman, by his attorneys, and calls up for hearing his motion for new trial heretofore filed in this cause, and the same being seen and heard by the court is overruled.

"Also comes the D. M. Oberman Manufacturing Company, by its attorneys, and calls up for hearing its motion in arrest of judgment heretofore filed in this cause, and the same being seen and heard by the court is sustained.

"Also comes the defendant D. M. Oberman, by his attorneys, and calls up for hearing his motion in arrest of judgment heretofore filed in this cause, and the same being seen and heard by the court is sustained.

"It is therefore ordered and adjudged by the Court that the judgment heretofore entered in this cause be, and the same is arrested as to the defendants D. M. Oberman Manufacturing Company and D. M. Oberman, and that said judgment is for naught held as to said defendants D. M. Oberman and D. M. Oberman Manufacturing Company, but that said judgment remain in full force and effect as otherwise entered."

Thereafter, plaintiff filed an affidavit for appeal in statutory form and appeal was granted to this court. Defendants D. M. Oberman Manufacturing Company and D. M. Oberman appealed from the orders overruling their motions for a new trial, but these appeals have been abandoned. These defendants have filed a motion to transfer this cause to the Kansas City Court of Appeals "because the only question before the court on this appeal is whether or not the trial court erred in arresting the judgment as to D. M. Oberman Manufacturing Company and D. M. Oberman, and as the amount of the judgment was only Four thousand dollars ($4,000) this appeal is within the jurisdiction of the Kansas City Court of Appeals."

■ The right of appeal in actions at law did not exist at common law but is conferred by statute. [2 R. C. L. 27, sec. 2; 3 C. J. 299, sec. 3.] It is a familiar rule that the right of appeal exists, therefore, only where the statute provides for it and that a compliance with mandatory statutory procedure is essential. [Pence v. Kansas City Laundry Co., 332 Mo. 930, 59 S. W. (2d) 633; Manthey v. Kellerman Contracting Co., 311 Mo. 147, 277 S. W. 927; Pfotenhauer v. Ridgway, 307 Mo. 529, 271 S. W. 50.] We have no authority to act on appeals beyond that provided for by the Legislature. Plaintiff's appeal is from the order in arrest of judgment, from which our statute, Section 1018, Revised Statutes 1929, specifically allows an appeal because it is the only appealable judgment or order appearing in the record. The remaining part of the judgment in favor of the chauffeur, the employee of the other defendants, is at most merely interlocutory. It is not a final judgment from which an appeal would lie because it does not dispose of all parties and all issues. [Ford v. Ford (Mo.), 24 S. W. (2d) 990, and cases cited; Secs. 1018, 1070 and 1077, R. S. 1929.] We must, therefore, determine what is the question for decision on this appeal from the order in arrest of judgment.

■ Since our statute only recognizes a motion in arrest of judgment without defining it, the character of such a motion must be determined by the common law. [State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916.] The purpose of a motion in arrest of judgment is to prevent entry of judgment on the verdict where, because of some defect in the record proper, plaintiff is not entitled to the judgment of the court, although there has been a verdict in his favor. [15 R. C. L. 682, sec. 134; Span v. Jackson-Walker Coal

& Mining Co., 322 Mo. 158, 16 S. W. (2d) 190; State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916; Rodgers v. Western Home Town Mutual Fire Insurance Co., 186 Mo. 248, 85 S. W. 369; State ex rel. Bond v. Fisher, 230 Mo. 325, 130 S. W. 35, Ann. Cas. 1912A, 970; Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, l. c. 530, 57 L. Ed. 879.] ■ The defect in the record proper which prevents a judgment against the two defendants, here sought to be held upon the principle of *respondeat superior*, is that the verdict, itself, is not a basis for a judgment against them under the pleadings herein because it shows that the jury found the facts upon which their liability must depend in their favor, namely: That their employee was not negligent. Upon such a verdict, it has been held proper to enter a judgment against the plaintiff and in favor of the employer. [Doremus v. Root (Wash.), 54 L. R. A. 649, and note; for Missouri cases and other authorities see McGinnis v. C., R. I. & P. Railroad Co., 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. Rep. 661, 9 Ann. Cas. 656; Whiteaker v. C., R. I. & P. Railroad Co., 252 Mo. 438, l. c. 450, 160 S. W. 1009; Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S. W. (2d) 903; Michely v. Mississippi Valley Structural Steel Co., 221 Mo. App. 205, 299 S. W. 830; 9 Ann. Cas. 656, note; 54 L. R. A. 649, note; 25 A. L. R. 652, note; 75 A. L. R. 1189, note; 39 C. J. 1367, sec. 1602; 18 R. C. L. 776, sec. 236; see, also, 15 R. C. L. 1026, sec. 501, and 31 A. L. R. 188, note.]

Plaintiff asks us to "either order the original judgment reinstated against the defendants, Oberman Manufacturing Company and D. M. Oberman, or remand the case for a new trial against all of the defendants." We cannot, on this appeal from the order in arrest, do either. Originally, at common law an unconditional order sustaining a motion in arrest ended the case, no further judgment could be entered, each party paid his own costs, and the plaintiff was at liberty to proceed *de novo* in a new action. [3 Blackstone's Commentaries (Lewis Ed.) 393; State ex rel. Bond v. Fisher, 230 Mo. 325, 130 S. W. 35, Ann. Cas. 1912A, 975; 2 Enc. Pleading & Practice, 820; 34 C. J. 44, sec. 174; 15 R. C. L. 686, sec. 137.] If the court thought the plaintiff should have another trial in the same case, it could make a conditional order of arrest and award a *venire facias de novo*, "in which case the order in arrest would not constitute a bar to the entry of a final judgment." [State ex rel. Bond v. Fisher, supra.] However, while there was some conflict of authority about the matter, the practice grew up of allowing the plaintiff to test the action of the court by moving "for a judgment against himself, which will be ordered as a matter of course, upon which he may bring his writ of error." [2 Enc. of Pleading & Practice, 822; 34 C. J. 44, sec. 174; Horne v. Barney (N. Y.), 19 Johns. 247 (he could compel entry of judgment by mandamus); Fish v. Weatherwax, 2 Johns.

Cas. 215; Garesche v. Emerson, 31 Mo. 258; Gilstrap v. Felts, 50 Mo. 431; Bowie v. Kansas City, 51 Mo. 459; State ex rel. Merrill v. Burns, 66 Mo. 227.] Our statute (Sec. 1006, R. S. 1929) provides that, after arrest of judgment, amendment may be permitted, "and the cause shall again proceed according to the practice of the court." This would undoubtedly be true even though the order in arrest is unconditional. The course to be followed after arrest of judgment depends upon the nature of the defect for which the judgment is arrested. An order sustaining a motion in arrest of judgment does not now necessarily result in a new trial. [State ex rel. Bond v. Fisher, 230 Mo. 325, 130 S. W. 35; Stid v. Mo. Pac. Ry. Co., 211 Mo. 411, 109 S. W. 663.] It is, however, proper to award a new trial after sustaining a motion in arrest if, because of the defect, no judgment at all could be entered. [See Swift v. Central Union Fire Ins. Co., 202 Mo. App. 419, 217 S. W. 1003, 279 Mo. 606, 216 S. W. 935.] If, on the other hand, the judgment entered could not stand but another judgment could be entered, it would be proper to enter a different final judgment. [Gilstrap v. Felts, supra; Garesche v. Emerson, supra.] However, if after motion for new trial is overruled, the judgment is arrested, no further orders made, no final judgment entered and no appeal taken before the expiration of the term, the case is ended (State ex rel. Bond v. Fisher, supra; Porter v. C., B. & Q. Railroad Co., 325 Mo. 381, 28 S. W. (2d) 1035); but the plaintiff may commence a new action within one year as in the case of a nonsuit. [Sec. 874, R. S. 1929.]

Therefore, according to the practice approved by this court, after judgment is arrested plaintiff may ask nothing further, in which case, when the term ends the order in arrest amounts to a dismissal. Plaintiff may thereafter commence a new action within one year. However, plaintiff may ask to amend and have a new trial, if the defect is one which may be thus remedied. Plaintiff may even amend and have the same judgment "when the same amendment might have been made before trial" where "a cause of action is stated, but inaptly or imperfectly." [217 S. W. l. c. 1005.] On the other hand, plaintiff may have the final judgment go against him, appeal and bring up the whole case; or, now that our statute grants an appeal from the order in arrest (see Laws 1891, p. 70), he may appeal from that order. Can there be any doubt about which of these various possible courses plaintiff has taken in this case?

■ While a judgment was here entered immediately after verdict, as is the common practice in this State, it was merely interlocutory, not final, and filing the motion in arrest within four days prevented it, becoming final. [Cox v. Schaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700; Id. (Mo. App.), 67 S. W. (2d) 790.] The order in arrest of judgment completely wiped out even the interlocutory judgment against the two defendants, the employers.

The effect was the same as though the clerk had awaited action on the motions before entering any judgment. As the case then stood, there was remaining only an interlocutory judgment in favor of the chauffeur and two defendants undisposed of by any judgment. A judgment disposing of the chauffeur alone could not be more than interlocutory, whether entered before or after action on the motions. In this situation, the several courses above stated were open to the plaintiff. Plaintiff might have let the term end without action, in which even the order in arrest would have amounted to a dismissal as to the two employers and the judgment would have become final in favor of the chauffeur. It would seem here that then the matter of the chauffeur's negligence (upon which liability of his employers on the cause of action stated in the petition would necessarily be based) would be res judicata, and that under the peculiar circumstances of this case plaintiff's right to bring another suit against the employers would be worthless. Plaintiff could, however, have moved for the entry of a final judgment against him and in favor of all the defendants, from which he could have appealed and presented for determination his right to a complete new trial. (In the absence of an appeal from the order in arrest, the court could have properly entered such a judgment of its own motion.) Plaintiff had still another course open to him and this he took, namely, to exercise the alternative statutory right of appeal before final judgment from the order in arrest. By appealing therefrom, he prevented the entry of a final judgment disposing of all three defendants upon the merits. If this is not true, what reason could there have been for the Legislature granting the right of appeal from an order in arrest? If plaintiff has not here appealed from the order in arrest, before a final judgment was entered, how could anyone ever do so? This court has no authority to decide, on an appeal from an order in arrest, questions which could only arise on an appeal from a final judgment, where, as here, no final judgment has been actually entered. Since the right of appeal depends upon statutory authority, *an appellant must show, by the record, the actual entry of a judgment,* from which the statute grants an appeal upon which the questions he seeks to have determined can arise, before we can consider them.

This appeal places plaintiff in the anomalous position of appealing from the order in arrest of judgment but at the same time saying it was proper. Plaintiff admits that on the record proper the judgment entered cannot stand, saying:

"The petition herein predicated liability against the corporate defendant and its president on the theory that they were responsible for the acts of their agent and servant in operating their automobile. . . . It is established law in this State that where a master or principal is sought to be rendered liable by reason of the negligent acts of his servant or agent and not because of any primary

negligence on the part of the master or principal, it is prerequisite to a judgment against the master or principal that the agent or servant be convicted of negligence. . . . Inasmuch as the jury evidently intended for the plaintiff to have a verdict in this case and as they nullified their own judgment in finding in favor of the servant, the verdict should be set aside and the plaintiff granted a new trial.''

What plaintiff really wants is a new trial on the merits against all of the defendants. His appeal is premature for a determination of that question. Plaintiff also overlooks the fact that although no judgment exists yet as to the employers (because none was entered after arrest) there is a verdict and a judgment thereon in favor of the employee. That stands in the way of a new trial of the whole case, after an arrest of judgment as to part of the defendants. [See Gilstrap v. Felts, 50 Mo. 428 (judgment arrested as to part of issues).] If that judgment (which, although interlocutory, is a judgment on the merits) is proper, plaintiff is not entitled to a new trial against anyone. This is true because plaintiff had a trial upon the issue of the chauffeur's negligence and the jury found against him. If plaintiff is not entitled to a new trial against the chauffeur (because the jury has correctly determined that he was not negligent), then he is not entitled to a new trial against his employers because the only thing which would make them liable (chauffeur's negligence) has been found not to exist. Plaintiff claims that this issue (chauffeur's negligence) was not properly decided and that he is entitled to a new trial on that issue because the court gave erroneous instructions for defendants and committed other procedural errors. These questions go to the merits (negligence or no negligence) and not to the matter of whether the court was right in its order in arrest of judgment, which is the only order drawn into question on this appeal from that order. Plaintiff has so far properly preserved these questions for review by presenting them to the court in his motion for new trial. The court passed upon them by overruling them. Therefore, had plaintiff not appealed from the order in arrest as to the defendants, the two employers, and thereby prevented the court from entering a final judgment, he could have after final judgment was entered (in favor of all the defendants) then appealed. If he had done so that appeal would have brought before us for review the errors, claimed to have been committed by the trial court in the course of the trial, which prevented a proper determination of the issue of the chauffeur's negligence constituting the only basis of any defendant's liability. We would have jurisdiction to determine such an appeal because, if we found such errors on an appeal from such a final judgment, we would have authority to reverse it and remand the cause for a new trial for the amount prayed for in the petition (which is above our jurisdictional minimum) against all of the defendants.

The question for decision on this appeal is whether the court was

right in sustaining the motions in arrest. If it be determined that the court was wrong then plaintiff would be entitled to have his judgment re-entered for the amount stated in the verdict, $4000. If it be determined the court was right then the order of the court arresting the judgment would be affirmed "and the cause shall again proceed according to the practice of the court." [Sec. 1006, R. S. 1929.] In this case the next step could be the entry of a final judgment from which plaintiff may appeal to this court if he so desires.

It follows that the amount in controversy on this appeal is only $4000; that there is nothing to give this court jurisdiction of this appeal from the trial court's order in arrest of judgment; and that the motion to transfer must be sustained.

The cause is transferred to the Kansas City Court of Appeals. *Ferguson, C.*, concurs; *Sturgis, C.*, dissents.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.*, absent.