MABEL A. HERSCHEL v. ORPHEUM THEATER COMPANY OF MISSOURI, a Corporation, Appellant.—48 S. W. (2d) 108.

Division One, May 27, 1932.

*Jones, Hocker, Sullivan & Gladney* and *Willard A. McCaleb* for appellant.

582

*Mark D. Eagleton* and *Frank P. Aschemeyer* for respondent.

RAGLAND, J.—This is an action for personal injuries. In the petition plaintiff's damages were laid at $50,000. The jury assessed the same at $5000; the trial court set aside the verdict on the ground that the award was inadequate. From the order granting a new trial defendant appeals.

On November 11, 1927, plaintiff attended a show at the Orpheum Theatre in the city of St. Louis, owned and operated by defendant, and, after having seen the show, was attempting to leave the theatre, when she tripped over a step and fell, injuring her right knee. It is conceded that there was sufficient evidence to warrant the submission of the case to the jury on the ground that the defendant was negligent in failing to place a light on the step for the purpose of warning patrons of the theatre of its presence.

As the immediate result of the fall plaintiff suffered a "skinned contusion" over the middle part of her knee. Presently a violent infection set up which spread throughout the right leg and up to the abdominal cavity. Plaintiff was taken to a hospital where she underwent repeated surgical operations. Her condition became so desperate that blood transfusions were resorted to to keep her from dying. She remained in the hospital eight months. During the greater portion of that time she suffered intense pain, being relieved only by opiates which were frequently administered to her.

As a result of the infection the bones of plaintiff's right leg have grown together at the knee. The knee joint is completely ankylosed: it is permanently and rigidly fixed at an angle of twenty degrees. The leg has been shortened thereby to the extent of an inch and a half. In walking she finds it necessary to elevate her heel and to place her weight on the fore part and the outside of her foot. She requires the use of a cane. These conditions are permanent: throughout the remainder of her life she will carry with her a disfiguring and disabling right limb.

Plaintiff is a married woman and at the time of her injury her vocation was that of housewife. On trial she made no effort to show pecuniary loss, either present or prospective.

Appellant contends that as there was an award of substantial damages, the action of the trial court in setting aside the award on

584

the ground of inadequacy was a plain usurpation of prerogatives which only a jury may exercise.

If the jury had assessed plaintiff's damages at twice the sum they did, their verdict could not have been held to be excessive; in ruling that the award made was inadequate, the trial court in effect ruled that it was contrary to the weight of the evidence. On the authority of Hunt v. Iron & Metal Co., 327 Mo. 887, 39 S. W. (2d) 369, and cases therein cited, its order granting a new trial on that ground is affirmed. The cause is remanded. All concur.