CITY OF ST. LOUIS, Appellant, v. MARY R. FRANKLIN ET AL.—26 S. W. (2d) 954.

Division Two, April 7, 1930.

*Julius T. Muench* and *Richard S. Bull* for appellant.

*Wurdcman, Stevens & Hoester* for respondents.

1214

WHITE, J.—This proceeding was begun to condemn a right of way one hundred feet wide for an underground water pipe through a tract of land in St. Louis County belonging to the defendants. The tract was rectangular in shape, containing eleven and one-half acres. It was approached from the front by a private road which led from the Olive Street Road. The right of way condemned was a hundred-foot strip running diagonally across the rear, cutting off a little corner of the land. The amount of land taken was .6372 of an acre, and the corner cut off was .1391; the total affected, including the corner cut off, being .77, or a little more than three-quarters of an acre.

Three commissioners were appointed by the circuit court, who assessed the damages at $4,266.95. The city, plaintiff, filed exceptions to the award. A jury trial was ordered and resulted in a verdict for $2500 damages to the defendants.

A motion for new trial was filed by the defendants and sustained by the trial court on the ground that the award was inadequate. Judgment followed from which the plaintiff appealed.

Granting a new trial on the ground assigned is equivalent to saying that in the mind of the trial judge the verdict is contrary to the weight of the evidence. We have held consistently that a trial judge, in sustaining a motion for new trial on that ground, has wide discretion with which we will not interfere unless it is manifestly abused. In passing upon it we cannot substitute our judgment for the judgment of the trial court in weighing evidence upon which he based that ruling. [City of St. Louis v. Worthington, 19 S. W. (2d) 1066; Devine v. St. Louis, 257 Mo. 470, l. c. 475.] In view of that principle of law we may briefly state the evidence in this case.

The defendants introduced ten witnesses besides Mrs. Franklin and her son. Three of them, who qualified as having knowledge of the value of real estate, testified that the damage to the tract, including the property taken, was $4200; one man testified that it was $5,000; three others testified that the land was worth $2,000 to $3,000 an acre, and that the damage to the part not taken was $200 to $250 an acre. The witness who placed the damage at five thousand dollars estimated that the property was worth $24,000; that two acres were taken, which would be about four thousand dollars, besides the damage to the tract. After being apprised that the amount actually taken, including the corner cut off, was about three-fourths of an acre, he stuck to his estimate of the total damage. Twelve fruit trees on the right of way were cut down: four apple trees, four cherry trees, and four peach trees. Several witnesses estimated the apple trees to be worth from four hundred to five hundred dollars each; the cherry trees from three hundred to three hundred and fifty dollars each; the peach trees from two hundred to four hundred dollars each. One witness testified that an apple tree would bear from twenty to thirty bushels per year.

Mrs. Franklin and her son testified even more strongly than the other ten witnesses had for the defendant.

The city offered as witnesses, engineers and others connected with the department, to show the way the pipe, about five feet in diameter, was laid, leaving the owner in control of the surface so that it could be used. The city introduced only two witnesses as to the damage to the land. One testified that the land was worth about seven hundred dollars an acre, and the damage was about $1300. Another testified that the land was worth about eight hundred dollars an acre, and the damage to the tract was about $1500. There was no attempt on the part of the city to show the apparent absurdity of some of the values placed upon the land by the defendant's witnesses. There was testimony that apple trees ought to be placed thirty feet apart, which would make at least thirty apple trees on an acre of ground. According to the estimate of defendants, an apple orchard would be worth fifteen thousand dollars an acre. No one acquainted with orchards or apple trees or other fruit trees was introduced by the city. Some of the evidence which went in without objection as to the value of the fruit trees was given by witnesses who never saw the trees nor the orchard.

The trial judge presumably based his ruling upon this evidence of the defendants, taking it at its face value. The jury evidently discounted it somewhat, though they had little or no evidence upon which to discount it even as much as they did.

There was nothing to show that the laying of the water pipe or the tearing up of the ground in the right of way, prevented in any

way access to the other parts of the tract. It was suggested in the evidence that the land might be available to lay off in lots. The city neglected to introduce any evidence for the purpose of showing that the estimated damage to the land not taken was without foundation. The weakness in the city's case was the failure to produce evidence, and the failure to object to speculative evidence.

As suggested, we cannot oppose our judgment of the weight of evidence against that of the trial judge in sustaining the first motion for new trial on the ground that the verdict is against the weight of the evidence. The trial judge evidently believed the evidence introduced on behalf of the defendants. We cannot condemn the ruling of the trial court on the record as presented.

The judgment is accordingly affirmed. *Blair, P. J.,* concurs; *Walker, J.,* not sitting.