ROLAND K. STEGNER v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, a Railroad Corporation and ROBERT I. GOWAN and AL BRYAN, Appellants.—64 S. W. (2d) 691.

Division One, October 19, 1933.

*Pendleton & Martin, Carl S. Hoffman* and *Harris, Price & Alexander* for appellants.

*C. W. Journey* and *Rubey M. Hulen* for respondent.

FERGUSON, C.—This is an action for damages for personal injuries sustained by the plaintiff, Roland K. Stegner, when an automobile in which he claimed to be riding as a guest, and which was owned and at the time being driven by A. B. Burgwin, was struck by one of defendant railroad company's trains at the crossing of State Highway No. 5, over the railroad company's tracks in the city of New Franklin in Howard County. The action was filed in Howard County but tried, on change of venue, in the Circuit Court of Boone County. The Missouri, Kansas and Texas Railroad Company, a corporation, and two individuals, Robert I. Gowan and Al Bryan, the engineer and fireman respectively on the locomotive engine of the train, were joined as defendants. The petition charged six separate and distinct acts of negligence but upon the trial four of these assignments seem to have been abandoned, the plaintiff relying upon the two remaining charges of negligence, which were:

(1) Operating the train within the corporate limits of the city of New Franklin at a speed in excess of ten miles per hour in vio-. lation of an ordinance of that city.

(2) Failure to "ring the bell on said locomotive engine eighty rods from said crossing and to keep it ringing until said engine crossed said highway" and failure "to sound the whistle eighty rods from said crossing and . . . at intervals until said engine crossed said highway."

The separate answer of the defendant railroad company admitted that the engine and train "was at the time of the collision, running at a speed in excess of the speed limit fixed by an ordinance of the city of New Franklin," but denied "each and every other allegation" of the petition; and as a further defense alleged, that plaintiff and the driver of the automobile were engaged in a joint enterprise, that the driver was guilty of contributory negligence which was imputable to the plaintiff and that plaintiff himself was guilty of such contributory negligence as to bar a recovery. The individual defendants Gowan and Bryan filed a joint answer admitting that they "were respectively, engineer and fireman" of the locomotive engine which "collided with an automobile in which plaintiff was riding," but denying all the other allegations of the petition. Their answer then sets up the same defense of joint enterprise and contributory negligence of the plaintiff himself contained in the separate answer of the railroad company. At the conclusion of the plaintiff's evidence in chief the court sustained the separate and joint demurrer to the evidence offered on behalf of defendants Gowan and Bryan but overruled the railroad company's separate demurrer to the evidence offered at the same time. At the conclusion of all the evidence in the case the railroad company renewed its motion for a directed verdict which was, by the court, overruled and thereupon the cause, as against the railroad company alone, was submitted, upon instructions, to the jury. The verdict found the issues for plaintiff and against the defendant railroad company and assessed damages in the sum of one dollar. Plaintiff's motion for a new trial was sustained and a new trial ordered as to all the defendants on the following specified grounds:

(1) That the court erred "in instructing the jury to render a verdict in favor" of Gowan and Bryan "because the issues as to" them "under the pleadings and the evidence should have been submitted to the jury;"

(2) that "the verdict for one dollar is grossly inadequate and not responsive to the evidence;" and,

(3) that, "the court committed error in giving instructions Nos. 5 and 6 . . . upon request of defendant" railroad company.

The defendants bring this appeal from the order of the trial court granting the new trial.

A discussion and disposition of appellants' contentions here requires a statement of the physical situation and conditions existing at the crossing and the events and circumstances leading up to and resulting in the collision and in making such statement we draw upon the evidence most favorable to plaintiff's case. The plaintiff, a grocery clerk, age twenty-six years, resided, and was employed, at Fayette, Missouri. He was visiting in Boonville, Missouri, on Sunday, April 28, 1929, and during the day both he and W. G. Lynch were invited by A. B. Burgwin to make the return trip from Boonville to Fayette that night with, and as the guests of, Burgwin in his Ford sedan automobile. Pursuant to this prior arrangement the three men left Boonville that night about 12:30 for Fayette. The automobile was owned and driven by Burgwin and, according to the evidence on the part of plaintiff, Lynch and Stegner were riding as Burgwin's guests. Lynch sat on the right side of the front seat and Burgwin in the driver's position on the left side; the plaintiff, Stegner, sat alone on the rear seat and the right side thereof. They arrived at the crossing of State Highway No. 5 over the tracks of the defendant railroad company within the corporate limits of the city of New Franklin shortly before one o'clock A. M. At this point the railroad tracks run east and west and the highway north and south. The automobile was traveling north and the collision occurred on the track known and designated as the main line track. The train involved came from the east and was an extra made up of empty baggage cars bound from St. Louis to Franklin Junction, one mile west of New Franklin. Seven east and west railroad switch tracks cross the highway south of and parallel with the main line track so that in traveling the highway over the defendants' tracks at this point the automobile traveling north crossed the seven switch tracks before reaching the main track whereon the collision occurred. The first switch track south of the main line is numbered and known as track 1, and the seven switch tracks are numbered, 1 to 7 from north to south, respectively. In traveling north on the highway and over this crossing, as the Burgwin automobile was traveling, the first track reached is switch track 7. There is a space of fifty-two feet between tracks 6 and 5 but thereafter tracks 5, 4, 3, 2, 1, and the main line track are at approximately uniform distances apart and it is 66.2 feet from the south rail of track 5 to the north rail of the main line track so that the entire distance traversed by the road in crossing from the south rail of track 7 to the north rail of the main line track appears to be approximately 145 feet. Stegner, Burgwin and Lynch all testified that there was "an unbroken line of box cars" on the number 1 switch track, the first track south of the main line track, which commenced "flush with" and "up against" the east side of the road crossing and extended as far east as they could see in the night and that there were numerous other box cars

standing on other switch tracks east of the road crossing so that a view of a train approaching from the east would be cut off until a traveler going north over the crossing had passed over the number 1 track and beyond the cars stationed thereon east of the crossing. Employees of the railroad company testified that the cars on track 1 east of the crossing were coal cars and the nearest car to the crossing was 250 feet distant therefrom. Plaintiff Stegner testified, and the witnesses Burgwin and Lynch to substantially the same effect, that Burgwin stopped the automobile upon reaching the south end of the crossing and before entering thereon; this was immediately south of the southernmost track No. 7; that the automobile stood at this point for perhaps two minutes as they looked and listened in an effort to ascertain that the way was clear ahead; that Burgwin then proceeded across tracks 7 and 6 but again brought the automobile to a stop in the clear space (of fifty-two feet) between track 6 and track 5 while a switch engine and some freight cars moved east on track 5, over the road crossing; that the automobile stood at that point three or four minutes and at that time Burgwin stated that the crossing was dangerous and that he had at one time been struck by a train at this crossing; that after the switch engine and cars had passed to the east over the road crossing they again looked and listened for trains, that Burgwin opened the window of the automobile at his left for that purpose and that Burgwin then started the car in low gear and proceeded at about five miles an hour, without again stopping, over the other tracks and upon the main line track; that as the automobile emerged past the west end of the line of cars standing on track 1 and east of the crossing onto the main line track they discovered the engine of the locomotive immediately upon them; that Burgwin then accelerated the speed of the automobile so that the automobile shot forward but that the engine struck the rear part of the automobile as it was about to clear the north rail of the main line track. That the engine was close upon the automobile as it went upon the main line track is borne out by the testimony of the engineer and fireman that on account of the structural arrangement of the front part of the engine they could not see objects on the track within eighty or ninety feet of the engine and that though looking ahead along the track they did not see his automobile or know their engine had struck it until they reached their destination, Franklin Junction a mile west of this crossing. Stegner testified that at all times while the automobile was upon and proceeding over the crossing he was looking and listening for trains and the testimony of Burgwin and Lynch was the same but each says that he neither saw nor heard the approaching train nor heard any signals, by bell or whistle, of its approach. The evidence on behalf of the plaintiff tended to show that the crossing signals were not given while there was an abundance of testimony on the part of the defendant railroad company

that such signals were given. We have stated that this road crossing is within the corporate limits of the city of New Franklin. An ordinance of that city prohibits the operation of "any railway engine, car or train at a greater speed than ten miles per hour within the corporate limits" of the city and provides that "every person who shall violate or aid in violating" the ordinance "shall be deemed guilty of a misdemeanor," etc. While the separate answer of the railroad company admits the train was being run at the time of the collision at a speed in excess of that fixed by the ordinance, as alleged in the petition, the answer of the individual defendants, the engineer and fireman, by the general denial, denies that allegation of negligence; but the uncontroverted evidence is that the train was being run within the corporate limits of the city and over this crossing at a speed in excess of ten miles an hour limited by the ordinance. Plaintiff's evidence estimated the speed of the train at forty-five to fifty miles an hour while the engineer and fireman as witnesses for defendant railroad company estimated the train was running at between twenty-five and thirty miles an hour. Plaintiff was thrown from the automobile when the collision occurred and lost consciousness. The medical testimony was that he sustained a basal skull fracture and nine ribs were fractured where the ribs were joined or "fastened" to the spinal column. Pneumonia developed caused by the pressure of the ribs on the lungs and he was confined in a hospital for a period of fifty days. As a result of these injuries his hearing was impaired and the use of his right leg somewhat affected. The physicians who attended plaintiff testified that he sustained injuries of a permanent nature. Plaintiff paid $150 for medical services and hospital charges of $800 in addition.

One position appellants seem to take is, in substance, that the verdict was in effect a verdict for defendant railroad company and though it might have complained since the verdict threw the costs of the action on it nevertheless it has not done so and the plaintiff is not entitled to have a new trial because the evidence shows plaintiff to have been guilty of contributory negligence as a matter of law barring any right of recovery. This contention is effectively disposed of and our province under such circumstances defined by the case of Haven v. Missouri Railroad Company, 155 Mo. 216, 55 S. W. 1035. We will, however, for the purposes of this opinion, take notice of the argument that the evidence shows plaintiff to have been guilty of contributory negligence as a matter of law to the extent of calling attention to the holding of Division Two of this court in the case of Lynch against these same defendants (the appellants here), 333 Mo. 89, 61 S. W. (2d) 918. It will be noted that Lynch, the plaintiff in that case, was also a guest, and a fellow passenger with Stegner, this plaintiff, in the Burgwin automobile. Lynch was in-

jured in the collision and recovered a judgment for damages against all the defendants. One contention made in that case on appeal to this court was that under the evidence Lynch was guilty of contributory negligence as a matter of law but Division Two held that the evidence made the issue of contributory negligence a question for the jury. The facts as to the conduct of the occupants of the automobile and the circumstances prior to and attending the collision are fully set forth in that opinion and afford a much clearer exposition of the situation than the writer has been able to make. Upon a review of what we have stated, supra, in reference to the status, situation and conduct of this plaintiff in the light of the reasoning and ruling of the Lynch case it must be held that the evidence is such as to make the alleged contributory negligence of plaintiff a jury question:

We come now to the matter most strenuously and insistently urged by appellants. That contention is (1) that the trial court in sustaining the demurrer to the evidence offered by the individual defendants, the engineer and fireman, and directing a verdict for those defendants acted upon and at the suggestion and request of plaintiff's counsel and if the trial court erred in sustaining the demurrer, specified as one ground of its order granting plaintiff a new trial, such error was invited error by plaintiff of which he cannot complain and the action of court sustaining the demurrer is binding on plaintiff and does not constitute a ground for the order granting the new trial. Further and in connection with this first proposition appellants argue (2) that plaintiff charged that all the defendants were guilty of all the acts of negligence pleaded; that by requesting and inviting the trial court to sustain the demurrer to the evidence of the engineer and fireman plaintiff must be held, in legal effect, to have thereby admitted that the evidence did not show them to be guilty of any negligence alleged and therefore under the rule of *respondeat superior* the engineer and fireman being absolved from negligence there could be no liability on the part of the railroad company. Appellants' brief appears to concede that in fact the evidence is sufficient to make a prima facie case against the engineer and fireman and therefore also against their employer, the railroad company, but argues that as plaintiff requested and invited the directed verdict there could not be liability on the part of the railroad company. Certainly if there was sufficient substantial evidence in the record to make a prima facie case against the engineer and fireman the trial court erred in sustaining their demurrer to the evidence and directing a verdict in their favor unless, as appellants contend, it appears the verdict for them was directed by the trial court at the request and instigation of plaintiff. In view of the admissions in both the pleadings and the evidence and the uncontradicted evidence relating to the speed of the train at the time of and immediately prior to the collision together with the attending

facts and circumstances a case for the jury was made as against the engineer and fireman on the negligence charged in operating the train within the corporate limits of the city in violation of the ordinance. In fact the violation of the ordinance would amount to negligence *per se*. On such ground of negligence alone plaintiff was entitled to go to the jury as against the engineer and fireman and for that reason the trial court erred in sustaining their demurrer; this of course on the theory that both were responsible for the manner in which and the speed at which the train was run; no distinction is made in the evidence and it seems to be assumed by all the parties that the two employees stand in the same position under the facts and law of this case. We shall later refer to the other ground of negligence, i. e., the alleged failure to give the statutory crossing signals. ■ This brings us to an examination of appellant's claim of invited error on the part of plaintiff predicated upon the rule that a party may not invite and join in the commission of error and thereafter be heard to complain of it. Looking to the procedure had and the action and ruling of the trial court upon the demurrers to the evidence as shown by the record it appears that plaintiff had offered all his testimony in chief except the testimony of one witness, a doctor, one of the physicians who had attended plaintiff. This witness was not at the time available and it was stated that his testimony would relate solely to injuries and agreed that the witness might be called "out of time." With this reservation plaintiff announced his case in chief "closed" whereupon a joint demurrer to the evidence on the part of all the defendants was offered which was, by the court, overruled. The defendants, on their part, then called and examined five witnesses. At this point the doctor, plaintiff's witness, as to whose testimony the agreement and reservation had been made, was called and examined on the part of plaintiff and at the conclusion of his testimony the following, as shown by the record, occurred:

"MR. HULEN (Counsel for plaintiff): We rest.

"THE COURT: Let the record show that the plaintiff finally rests.

"And here the plaintiff closed his case in chief. Whereupon, by way of demurrers to the evidence at the close of plaintiff's case in chief, the defendants, respectively, requested the court to instruct the jury as follows, to-wit:

"Now at the close of plaintiff's evidence, the jury are instructed that under the law and the evidence your verdict should be for the defendant Missouri-Kansas and Texas Railroad Company, a corporation.

"Now at the close of plaintiff's evidence, the jury are instructed that under the law and the evidence your verdict should be for the defendants Robert Gowan and Al Bryan.

1192

"THE COURT (dictating to reporter, in low tones) : Mr. Reporter, let the record show that the demurrer is reoffered and again overruled—let the record show that the demurrer is overruled as to the defendant M-K-T Railroad Company and sustained as to Al Bryan and R. I. Gowan, engineer and fireman.

"To which ruling of the court in refusing to give said peremptory instruction requested as aforesaid on behalf of the defendant M-K-T Railroad Company, said defendant M-K-T Railroad Company, by its counsel, then and there at the time duly excepted and saved its exceptions.

"To which ruling of the court in giving said peremptory instruction requested as aforesaid on behalf of the defendants Al Bryan and Robert Gowan, the plaintiff, by his counsel, then and there at the time duly excepted and saved his exceptions."

: Appellants do not dispute that the foregoing is the record made at the time but they assert that plaintiff's counsel in a private conversation with the trial judge suggested and asked that the trial court sustain the separate demurrer of the individual defendants and that the trial judge, also in a private conversation, so informed defendants' counsel at the time. Plaintiff's motion for a new trial was filed on February 8, 1930, and thereafter, but before same was passed upon, the defendants on March 15, 1930, and during the same term of the court, filed separate motions, similar however in both form and substance, in which it is stated that during the examination of one of defendants' witnesses counsel for plaintiff "approached the trial judge and in a tone of voice inaudible to the stenographer and defendants' attorneys made some statement to the judge whereupon the judge called defendants' counsel to the bench and in the presence of plaintiff's counsel" advised them that plaintiff's counsel "'has called it to the attention of the court that the demurrers of the engineer and fireman should be sustained and upon that suggestion the court is willing to sustain the demurrer as to those gentlemen if you will refile it;' that defendants then filed a separate demurrer for the defendants Gowan and Bryan;" and that in refiling the demurrer defendants' counsel "relied upon the statement made by the court" in the presence of and acquiesced in by plaintiff's counsel. The motions then represent, "that no report of the proceedings had in the trial of the cause is correct and complete without incorporating in the minutes the matters above set forth which did, in fact, take place," and ask that "the court instruct the stenographer to so correct his notes or minutes of the trial as to incorporate therein the omitted matters herein set forth." The motions were filed and presented some five or six weeks after the trial and were based solely upon the memory and version of appellants' counsel as to the matters alleged therein. They were not verified, nor were the allegations thereof supported by any minute,

memoranda, or record of any kind nor by testimony; only the assertions, statements and argument made by counsel at the hearing thereon were offered to sustain them. At the presentation of, and hearing on, these motions a lengthy colloquy occurred between counsel for the respective parties which is preserved in and made a part of the record herein comprising some fifteen pages of printed matter. Appellants argue that a reading of this discussion and the statements therein made by plaintiff's counsel, together with the remarks of the court, shows at least a tacit admission that the demurrer to the evidence offered on behalf of the engineer and fireman was invited by and sustained at the suggestion and request of plaintiff's counsel. With the view we have of this proposition it will not be necessary to set out this extended discussion of counsel or even to quote therefrom; suffice it to say the conclusion appellants make hardly seems warranted even were the proceedings now here for review by us but since the court overruled the motions and refused the prayer thereof the record stands unimpeached and comes to us as above set out without modification, addition or amendment. Taking the record as thus settled, made up and certified by the trial judge appellants' contention, that it appears that plaintiff invited error by the trial court in sustaining the demurrers to the evidence offered by the individual defendants and is therefore bound thereby, must fail and the trial court be held to have acted properly in granting a new trial because of such error.

But if we assume that the trial court did sustain the demurrers to the evidence offered by the individual defendants at the request or suggestion of plaintiff nevertheless under the evidence and the holding of Division Two, in the Lynch case, supra, a case was made for the jury as against the defendant railroad company. We make this observation in view of appellants' argument, that the verdict was in effect a finding for defendant railroad company; that plaintiff was bound, on account of his alleged conduct in regard thereto, by the action of the court in sustaining the demurrer of the engineer and fireman and they being absolved from liability it follows there could be no liability on part of the railroad company. In the Lynch case it was held that there was no personal or individual liability for damages on the part of the engineer or fireman for failure to give the statutory signals by bell or whistle (Sec. 4756, R. S. 1929), and that the railroad company alone was liable on that ground of negligence. This brings us to the ground specified by the trial court for its order granting a new trial as against defendant railroad company (second ground, supra), that is, that the "verdict for one dollar is grossly inadequate and not responsive to the evidence" and "is contrary to and in violation of the court's instruction on the measure of damages."

"To say that the verdict is inadequate is equivalent to saying that it is against the weight of the evidence. . . . So we will treat the new trial" as against the defendant railroad company "as having been granted on the ground that the verdict was against the weight of the evidence." [Hunt v. Gus Gillerman Iron & Metal Co., 327 Mo. 887, 39 S. W. (2d) 369; City of St. Louis v. Franklin, 324 Mo. 1212, 26 S. W. (2d) 954.] The reason assigned by the trial court for the granting of a new trial as to the railroad company, in the second ground specified, "can only be construed to mean that the trial judge was of the opinion that upon the evidence adduced the plaintiff was entitled to a verdict, and being so entitled, the jury found for the right party, but erred in not pursuing the finding to its logical conclusion of giving the plaintiff compensatory damages, and therefore the verdict on the question of damages was contrary to the instruction of the court, and likewise contrary to," and against the weight of, the evidence "as to the damages sustained and hence the verdict ought to be set aside." [Haven v. Missouri Railroad Co., supra; Lilley v. Eberhardt (Mo.), 37 S. W. (2d) 599.] By reference to the evidence, supra, as to damages sustained by plaintiff we find substantial evidence, in abundance, to support the trial court's conclusion that the damages alleged were grossly inadequate and that is as far as this court will inquire (Guthrie v. Gillespie, 319 Mo. 1137, 6 S. W. (2d) 886) for in reviewing the action of the trial court on motions for a new trial the appellate courts do not pass on the weight of the evidence. In granting the new trial on this second ground the trial court was but exercising a discretion vested in it with which this court will not interfere or review unless arbitrarily exercised which does not appear in this case. . .

It follows that the action of the trial court in granting the new trial, as to defendants Gowan and Bryan, on the first ground, and the defendant railroad company, on the second ground, must be affirmed which obviates a discussion of the third ground specified. As to that ground it is enough to say that the complaint made against the defendants' Instructions 5 and 6 is that they contain certain references which constitute improper and prejudicial comment on the evidence. On another trial the instructions may be so drawn as to avoid this criticism.

The order and judgment of the circuit court granting the new trial is affirmed and the cause remanded. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.