STATE OF MISSOURI at the relation of VIRGINIA SPEARS, Relator, v. WILLIAM C. HUGHES, WILLIAM DEE BECKER and EDWARD J. McCULLEN, as Judges of the St. Louis Court of Appeals.—142 S. W. (2d) 3.

Court en Banc, July 2, 1940.

*Albert S. Ennis* for relator.

*Terry, Terry & Terry* for respondents.

TIPTON, J.—Certiorari to the judges of the St. Louis Court of Appeals, bringing up the record in the case of Spears, appellant, v. De Clue, respondent, reported in 133 S. W. (2d) 1044, wherein that court affirmed the action of the trial court in sustaining defendant's motion for a new trial.

The essential facts as found by respondents are as follows:

"This is an action whereby plaintiff seeks to recover damages from defendant for a breach of promise to marry, aggravated by seduction. The cause was instituted in the circuit court of Jefferson County, Missouri, but went on change of venue to the circuit court of Washington County, Missouri, where a trial resulted in a verdict and judgment for plaintiff in the sum of $5,000. Defendant filed motion for new trial setting forth fifteen assignments of error, among which are the following:

"First, the verdict in said cause is against the evidence.

"Third, the verdict in said cause is against the law under the evidence.

"Fourteenth, that defendant, since the trial of said cause, has found new evidence from the Bureau of Vital Statistics of the State of Missouri, said evidence being a birth certificate showing defendant's birth date to be August 22, 1915, which establishes defendant's infancy at the time said alleged contract of marriage was entered into. Said birth certificate is herewith attached and marked exhibit A.

"Fifteenth, that the verdict is against the evidence, the weight of the evidence, the law under the evidence and the instruction given by the court for the following reasons: That defendant was under the age of twenty-one years when and if said contract of marriage was made, and there was no ratification of said contract of marriage shown, and defendant made no ratification of said contract.

"Attached to said motion for new trial was the certified copy of the certificate of birth of defendant, showing that he was born on August 22, 1915.

"On the 27th day of November, 1937, and during the same term of court at which the case was tried the court sustained the motion for new trial, the record of that action being as follows:

" 'Now come both parties herein by attorneys and motion for new trial heretofore filed is now taken up and after being seen, heard and

fully understood, defendant is granted a new trial by the court on assignment No. Fourteen of his motion for a new trial.'

"Thereupon plaintiff perfected her appeal to this court from the order of the circuit court sustaining defendant's motion for a new trial.

"There is only one assignment of error by appellant, that being that the court erred in granting defendant a new trial on the ground of newly discovered evidence, the contention being that the motion for new trial containing the assignment of newly discovered evidence was not sworn to and there was no affidavit of diligence, and no affidavit that defendant did not know of the evidence at the time of the trial.

"In the view we take of the case it would serve no useful purpose to recite here all of the evidence in the case, sufficient to say that the evidence was ample and sufficient on plaintiff's part to make a submissible case."

Respondents sustained relator's contention that the trial court erred in granting the motion for new trial on Assignment No. Fourteen which was on the ground of newly discovered evidence, but affirmed the action of the trial court for the reason that there were other good and sufficient reasons why a new trial should have been granted.

In ruling the case, respondents said:

"In this case the motion for new trial specified:

"First, the verdict in said cause is against the evidence.

"Third, the verdict in said cause is against the law under the evidence.

"Fifteenth, that the verdict is against the evidence, the weight of the evidence, the law under the evidence, and the instruction given by the Court for the following reasons: That defendant was under the age of twenty-one (21) years when and if said contract of marriage was made, and there was no ratification of said contract of marriage shown, and defendant made no ratification of said contract.

"And inasmuch as the instructions required the jury to find for the defendant, if they believed and found from the evidence that at the time defendant promised to marry plaintiff he was under the age of twenty-one years, and inasmuch as the only substantial evidence was that defendant was a minor, the trial court would have been justified in granting a new trial on either of the above grounds, and it is our duty to uphold the ruling of the trial court if either of said grounds justify so doing.

"The order of the trial court granting a new trial is affirmed and the cause remanded."

▪ In the findings of fact made by respondents, they said "that the evidence was ample and sufficient on plaintiff's part to make a submissible case;" yet in ruling the case, they say that "in as much as the *only substantial evidence* was that defendant was a minor, the

trial court would have been justified in granting a new trial on either of the above grounds.'' (Italics ours.) In view of the findings of fact made by respondents, we presume that the words, *"only substantial evidence,"* mean the weight of the evidence, because one of the above grounds was that the verdict was against the weight of the evidence. That was the position taken by both relator and respondents during the oral arguments of this case. We think the ruling of respondents contravenes the holding of this court as we will presently show.

In the case of Tabler v. Perry, 337 Mo. 154, 85 S. W. (2d) 471, l. c. 476, we said:

''We have uniformly ruled, however, that as our statute (Mo. Stat. Ann., sec. 1003, p. 1269) requires the trial court to specify the grounds on which a new trial is granted, when it does so specify the particular grounds the presumption is that all the grounds not so specified are overruled. [Yuronis v. Wells, 322 Mo. 1039, 1048, 17 S. W. (2d) 518; Kersten v. Hines, 283 Mo. 623, 634, 223 S. W. 586.]''

On the other hand, if the trial court failed to specify upon which ground the motion for new trial was sustained, the presumption on appeal is that the motion was sustained on every ground stated therein. [Security Bank of Elvins v. National Surety Co. et al., 333 Mo. 340, 62 S. W. (2d) 708.]

We have uniformly ruled that where there is some substantial evidence to support the verdict of the jury, the trial court has a right to grant a new trial because that court believes the verdict is against the weight of the evidence, ''and this court, although disagreeing with that opinion, has no right to interfere.'' [Haven v. Missouri Railroad Co., 155 Mo. 216, l. c. 231, 55 S. W. 1035; Stegner v. Missouri-Kansas-Texas Railroad Co., 333 Mo. 1182, 64 S. W. (2d) 691; Lindsey v. Vance, 337 Mo. 1111, 88 S. W. (2d) 150; Woods v. Ogden, 102 S. W. (2d) 648.]

In the case of Sakowski v. Baird, 334 Mo. 951, 69 S. W. (2d) 649, l. c. 651, we said:

''Though the order granting a new trial cannot be sustained upon the ground specified of record by the trial court, the respondent is entitled to have the other assignments of error in her motion reviewed and the order granting the new trial affirmed if it can be sustained upon such other grounds. 'The court may have erred in overruling the motion as to some of these other grounds; but the presumption is that the court acted correctly in so ruling,' and the burden of showing that the court committed error in overruling the other grounds set forth in the motion devolves upon respondent against whom such ruling was made, and if she would have this court review that action, she 'must point out some other ground in the motion upon which it ought to have been sustained.' [Yuronis v. Wells, supra, and cases last above cited.] The rule is stated in City of Kennett v. Katz Con-

struction Co., 273 Mo. 279, 287, 202 S. W. 558, 560, as follows: 'When an order for a new trial is granted for a specific reason, the appellant assumes no other burden of showing error than that which prompted the trial court's action. If other grounds are relied on to sustain the order, which have been preserved in the record, the respondent must call the appellate court's attention to same, or they will not be considered.' "

Since the respondents held that the action of the trial court in sustaining the motion for new trial on Assignment Fourteen (that is, on the ground of newly discovered evidence) was error, it was incumbent upon the defendant to show to respondents some assignment of error in his motion for new trial that would sustain the action of the trial court in granting him a new trial. We have already shown that we have ruled that the trial court is presumed to have overruled all assignments of error except Assignment Fourteen (Tabler v. Perry, supra) which included the assignment that the verdict is against the weight of the evidence. Even though respondents may have disagreed with the trial court in regard to the weight of the evidence, yet, under our cases above cited, respondents were powerless to pass upon this assignment of error.

From what we have said, it follows that the record of respondents should be quashed. It is so ordered. All concur.