**Robert THOMAS, Respondent,**

v.

**Alec BELINGLOPH, Appellant.**

No. 23634.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Caldwell, Blackwell, Oliver & Sanders, Dean Arnold, Kansas City, for appellant.

Harrington & Wurdack, Robert Wurdack, Kansas City, for respondent.

BROADDUS, Judge.

This is an action for damages for personal injuries. The jury returned a verdict in favor of defendant. Plaintiff filed a motion for new trial which was sustained by the court. Defendant has appealed.

On March 31, 1960, a collision occurred between an automobile operated by defend-ant and a truck operated by one Walter James. Plaintiff Robert Thomas was a passenger in the truck. The accident occurred at the intersection of 29th Street and Garfield Avenue in Kansas City, Missouri. Garfield runs north and south, 29th Street east and west. The truck occupied by plaintiff was going west on 29th Street and defendant was driving south on Garfield. The truck was almost through the intersection when it was struck on the right rear wheel by the front of defendant's automobile. The impact was of sufficient force as to cause the rear of the truck to describe an 180° arc and to topple over on its left side just west of the intersection.

In the course of his opening statement to the jury defendant's counsel made these statements:

"Now the issue that will be submitted to you folks is whether these people failed to yield the right-of-way to Mr. Belingloph."

"As I say, we will have the City Ordinance in evidence so the issue here is the question of whether these people failed to yield the right-of-way."

"The liability issue is the question whether they failed to yield the right-of-way."

Plaintiff's counsel objected to defendant's counsel "introducing the question of the violation of the city ordinance and failure to yield the right-of-way when he knows this man was a passenger in the automobile and not driving the car. It is very prejudicial to Mr. Thomas' case and I move that all of those remarks be stricken and the jury instructed to disregard them, and I further move for a mistrial." The trial court, of course, having no way of knowing at that time what the evidence would be, overruled the objection and denied the motion.

The order granting plaintiff a new trial reads:

"The court having considered plaintiff's motion for a new trial, believing

that defendant in his opening statement stated there would be evidence of contributory negligence on the part of plaintiff in violation of right of way ordinance when defendant knew there was to be no substantial evidence of plaintiff's joint control of the vehicle in which he was a passenger, was prejudicially erroneous, the plaintiff's motion for a new trial is therefore granted on ground numbered 3 thereof. Counsel notified."

■ The evidence disclosed that plaintiff had no interest in the truck in which he was riding and which was being driven by Walter James. It was owned by James' nephew. It appears that James had a contract which called for the construction of about twelve concrete steps. He employed plaintiff to help, paying plaintiff an hourly wage. The steps had been put in and at the time the accident occurred James and plaintiff were returning to the premises in order to remove the boards which had been used in constructing the steps. There was no evidence of any partnership or joint venture between James and plaintiff. Under these facts it is clear that the trial court was justified in holding that there was no substantial evidence of plaintiff's joint control of the truck and that the statements of defendant's counsel were "prejudicially erroneous."

■ It is the settled law that a trial court has a wide discretion in passing on a motion for new trial, and where such motion is *sustained* the appellate court will be liberal in upholding the trial court's action. Wormington v. City of Overland, 224 S.W.2d 590, 591 (Mo.App.), and will only interfere where it is obvious that the trial court has abused its discretion. Bollinger v. Mungle, 175 S.W.2d 912, 916 (Mo.App.).

■ The court's order sustaining the motion for new trial should be affirmed. It is so ordered. All concur.