STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,

v.

C & B INVESTMENT COMPANY et al., Respondents.

No. 53215.

Supreme Court of Missouri, Division No. 2.

July 8, 1968.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 9, 1968.

Robert L. Hyder, Jefferson City, Earl H. Schrader, Jr., Frank O. Benson, Kansas City, for appellant.

Harry P. Thomson, Jr., John R. Caslavka, Kansas City, for respondents, Shughart,

Thomson & Kilroy, Kansas City, of counsel.

BARRETT, Commissioner.

As of April 25, 1961, the C & B Investment Company, in fact Mr. William E. Cunningham and Mr. Simon E. Bacher, owned 27.58 acres fronting on the east on old Highway 71. In relocating Highway 71 and making it into a limited access highway the State Highway Commission condemned 3.592 acres off the northeast corner of the tract, leaving with platted streets 23.436 acres. Although unimproved, there were no sewers or utilities, the area had been platted for residential development except that in 1956 the land or a part of it had been zoned by the County Court of Jackson County as light industrial. As of January 1, 1961, the city limits of Kansas City were extended to include the 27.58 acres and under the city's zoning regulations was automatically again classified as residential and defendant C & B Investment Company thereafter made no effort to rezone the area. Both condemnor and condemnee excepted to the commissioner's award of $10,000.00 and upon a trial anew a circuit court jury by a ten to two verdict awarded the landowner $12,000.00 damages and the state has appealed. Upon the trial of the cause the landowner claimed that the highest and best use of the land was light industrial or a commercial park, its contemplated use, that its value, according to its witnesses, before the taking of the 3.592 acres was $409,000.00, after $325,000.00, damages $84,000.00; $409,000.00, $330,000.00, $79,000.00; $400.-000.00, $350,000.00, $50,000.00, and $225,-000.00, $190,000.00, $34,100.00. On the other hand the state claimed that the tract was entirely undeveloped and that the before and after values and damages were $61,-600.00, $53,500.00, $7,500.00 and $56,175.00, $52,000.00, $4,175.00, respectively.

The landowner filed a nineteen-point motion for a new trial; the trial court sustained the motion "primarily in reasons numbered (5), (6), (7), (8), (9) and (10)" and the state has appealed. It is not necessary to set forth the assignments in detail or to narrate the circumstances in which they arose, it is sufficient for the purposes of this opinion to note the trial court's memorandum and order. Essentially the court granted a new trial on the ground that it had prejudicially erred in permitting counsel for the state to argue "that defendant never could have rezoned the portion of the land taken by the plaintiff because for many years prior to the taking it was planned for the right-of-way of plaintiff's highway to go over said land." This and related matters were elaborated upon in the motion but these quotations from the court's order reveal the problem and the court's reasons; "it is error to use the fact of the taking by eminent domain itself, either as a single act or as a continuing process, either to inflate or to de-value the value of the land which is the subject of the condemnation." The court stated that even though the evidence from which the state made its argument and drew its inferences came from a witness called by the landowner, nevertheless, the state should not have been permitted to "play up" that testimony "and in effect use it to argue that because of the preknowledge of a condemnation itself, the land could not have been rezoned and was therefore not adapted to the use to which, according to defendant's witnesses, it otherwise had." In conclusion the court stated: "It appears probable from the jury verdict that it weighed somewhat heavily with the jury. Although it was in a sense a comment on some evidence it was improper comment in that it sought to draw a conclusion and to get the jury to adopt a basis of damage which would take into consideration the fact of the condemnation as a determining factor on the value of the land immediately before and at the time of the taking."

For several reasons, including the fact that upon another trial the same witnesses may not be called by the same parties and the identical questions may not again arise,

there has purposefully been no effort here to detail the circumstances, the evidence and the specific arguments and demonstrate or comment upon them. The state in substantiation of its appeal urges that for three reasons the court erred in granting the landowner a new trial because of the closing argument of state's counsel: (1) that a "landowner, in condemnation proceedings, has no right to additional damages based upon an enhanced value of his property due to the construction of the improvement itself," (2) "the value of the land taken will never be enhanced by the improvement, for the taking precludes the probability of ever using it under improved conditions and, therefore, the argument of Plaintiff's counsel was perfectly proper," and (3) that the testimony upon which state's counsel was commenting was introduced by the landowner and therefore "such alleged errors were invited and defendant cannot now complain." In its reply brief the state makes the additional statement, most important upon this appeal, that assignments 6, 8, 9 and 10 on which the order was based "demonstrates that the court's action was based on what he considered to be a single *error of law*" and not upon a discretionary ground.

The state cites the same cases in support of its points one and two and they may be considered together. These cases are United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336; United States v. 172.80 Acres of Land, 3 Cir., 350 F.2d 957; United States v. Crance, 8 Cir., 341 F.2d 161, and St. Louis Electric Terminal Ry. Co. v. MacAdaras, 257 Mo. 448, 166 S.W. 307. In the first place, as illustrated by the Missouri case, these cases are so factually unlike as to have no application to this appeal. That case involved the condemnation of the land upon which the depot is located on 12th Street in St. Louis. The instruction in question in that case, includes the distinguishing facts: "If the jury find and believe from the evidence that the *plaintiff had located its road in St. Louis and constructed a freight depot or station in prox-* *imity to the property of the defendants before it sought to condemn the property in controversy,* and that this location and construction had enhanced the value of the defendants' property, you should take that enhancement into consideration in fixing the fair market value of the defendants' property at the time the same was taken." In holding the instruction prejudicially erroneous the court pointed out that the property was *"taken in toto"* and in those circumstances it was not proper "to allow the jury to consider either enhancements or depreciation brought about by the construction of the improvement for which the property is being taken. In other words, the value should be determined independent of the proposed improvement." (257 Mo. l.c. 463, 166 S.W. l.c. 310. Thus plainly, while the facts are entirely dissimilar the rule announced by the court would appear to support the landowner's claim unless the mere fact of a partial taking is a sufficiently distinguishing factor. Aside from their factual differences the doctrine of United States v. Miller, supra, is stated in United States v. Crance, 341 F.2d 161, 162, and it "precludes an enhanced evaluation because of the land's proximity to the project if the land was probably within the scope of the project from the time the Government was committed to it." The latter statement may support the state's view but in deciding the cause the court sait that the ·"threshold question" was whether the land taken "for an integral part of a Government project should be valued at an enhanced price because of proximity to the project, *when the land taken was not specifically delineated at the time of authorization of the project,* yet located in an area where it might likely be acquired." But regardless of the entire validity of these attempted discriminations, the point is that these cases do not demonstrate that the trial court's order granting a new trial because of counsel's argument is manifestly erroneous.

Thus in the absence of a compelling demonstration that the evidence was prop-

erly before the jury and that the state's argument was proper the appeal is in the posture that the trial court has sustained a motion and granted a new trial because of an argument the court deemed improper, unfair and prejudicial—a discretionary ground—and the problem presented is not as if the court had overruled the motion and the landowner had appealed. Robbins v. Brown-Strauss Corp., 363 Mo. 1157, 257 S.W.2d 643. Even though there may have been testimony to which there was no objection "that did not justify counsel in making the argument which he did make." Beer v. Martel; 332 Mo., 53, 55 S.W.2d 482, 484. In the condemnation case of State ex rel. State Highway Comm. of Mo. v. Fenix, Mo.App., 311 S.W.2d 61, the state injected the "false issue (in that case) as to whether defendants knew, prior to their purchase of the tract, of the Commission's plan for relocation" of the highway and it was held that there was no abuse of discretion in the trial court's granting the landowners a new trial. Personal injury actions in which it has been held that there was no abuse of discretion in the trial court's granting plaintiffs new trials because of improper argument are Jones v. Kansas City, Mo., 76 S.W.2d 340; Kronmueller v. Wipperman, Mo.App., 129 S.W.2d 43; 66 C.J.S. New Trial § 201 b(2) p. 491. As to the granting of a new trial because of argument of counsel and this court's functiion upon appeal there is a suggestive analogy in the instances in which trial courts grant new trials because of the inadequacy of the awards. In those cases the granting of a new trial because of inadequacy "is equivalent to saying that in the mind of the trial judge the verdict is contrary to the weight of the evidence. We have held consistenlty that a trial judge, in sustaining a motion for new trial on that ground, has wide discretion with which we will not interfere unless it is manifestly abused." And, it should be emphasized as applicable to this particular appeal, "In passing upon it we cannot substitute our judgment for the judgment of the trial court in weighing evidence upon which he based that ruling." City of St. Louis v. Franklin, 324 Mo. 1212, 1214, 26 S.W.2d 954, 955. Even though the suggested analogy may be imperfect, it illustrates the point that the court's order was based upon what it considered an unfair if not improper argument—a discretionary ground entitled to deference upon this appeal. Accordingly the judgment is affirmed and the cause remanded.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.